# CATHARINE McCARTY, Respondent, *v.* ALVIN F. WELLS, Appellant.

*What evidence authorizes a jury to find that a death was caused by liquor sold by the defendant — plaintiff is not required to prove that the intoxication was the immediate and proximate cause of his death — evidence of intoxication when leaving the saloon of the defendant is competent — exemplary damages.*

In an action, brought under the civil damage act by the plaintiff, to recover for an injury to her means of support which she claimed to have sustained by the death of her husband, William McCarty, which was alleged to have been caused by his intoxication, produced in whole or in part by intoxicating liquors sold or given to him by the defendant, it was proved on the trial that when the plaintiff's husband returned from his work on the day of his death he was sober; that he went to the saloon kept by the defendant; that he was there thirty-five or forty minutes; that while there he was seen to drink a glass full of whisky; that when he left the defendant's place he was at least partially intoxicated.

Proof was also given of his drinking at other places, and that at ten o'clock in the evening he was very much intoxicated, so that he appeared unable to walk and was in charge of two men who held him, one on each side, and were encouraging him to walk; that after this he was not seen by any of the witnesses until his body was found in the mill-race where he was drowned; the water at the place where his body was found being from two and one-half to four feet in depth.

*Held,* that the question whether the liquor furnished by the defendant to the decedent caused his intoxication, either in whole or in part, was one of fact to be determined by the jury; and that the court properly declined to hold, as a matter of law, that the evidence was insufficient to establish that fact, and that the finding of the jury in the plaintiff's favor should be upheld.

The defendant further claimed that the plaintiff was bound to show that the intoxication was the immediate and proximate cause of his death.

*Held,* that the statute under which this action was brought makes no distinction between cases in which the loss of the means of support is the direct result of the intoxication, and those in which it is the remote result thereof; it only requires that it should be established that the loss was the result of such intoxication, caused in whole or in part by liquor sold by the defendant.

On the trial witnesses were permitted, under the objection and exception of the defendant, to testify that the deceased was drunk when, or soon after, he left the defendant's saloon.

*Held,* that an objection, made upon the ground that the question called for an opinion and was incompetent, was not well taken.

The defendant offered to prove by his own testimony that when he received his license the commissioners issuing it informed him that he could sell whisky

under such license, and that he believed it, this evidence being offered to show the defendant's good faith.

*Held,* that a claim by the defendant that he was entitled to make the proof offered, to avoid exemplary damages, could not be sustained, as proof which had been offered by the plaintiff to establish the right to such exemplary damages had been excluded on the trial upon the defendant's objection that no allegation as to such damages was contained in the complaint.

APPEAL by the defendant from a judgment entered in the Oneida county clerk's office on March 20, 1888, on the verdict of a jury after a trial at the Oneida Circuit, and from an order denying the defendant's motion for a new trial, made upon the minutes of the justice presiding at the trial, and heard in this court on a case which contained all the evidence.

*J. R. McCabe,* for the respondent.

*William Kernan,* for the appellant.

MARTIN, J. :

This action was brought under the statute known as the civil damage act. (Laws 1873, chap 646.) The plaintiff sought to recover for the injury which she claimed to have sustained to her means of support by the death of William McCarty. At the time of his death William McCarty was the husband of the plaintiff. On April 16, 1887, he was drowned. His death is alleged to have been caused by his intoxication. His intoxication is claimed to have been produced, in whole or in part, by intoxicating liquors sold or given him by the defendant.

On the trial it was proved that when the plaintiff's husband returned from his work on the day of his death he was sober; that he went to the saloon kept by the defendant; that he was there thirty-five or forty minutes; that while there he was seen to drink a glass full of whisky; that when he left the defendant's place he was at least partially intoxicated. There was also proof of his drinking at other places during that evening, and that at ten o'clock in the evening he was very much intoxicated, so that he appeared unable to walk, and was in charge of two men who had hold of him, one on each side, and were encouraging him to try to walk. After this he was not seen by any of the witnesses until his body was found in a mill-race where he was drowned. The water at the

place where his body was found was from two and a half to four feet in depth. Several witnesses were called by the defendant who testified that he was sober when and after he left the defendant's saloon. The question whether the decedent's intoxication was produced in whole or in part by intoxicating liquors given or sold to him by the defendant, and if so, whether such intoxication was the proximate cause of his death, were submitted to the jury in a charge to which no exception was taken. The jury found upon both of those questions in favor of the plaintiff.

The defendant now contends that the evidence was insufficient to support the finding of the jury that the liquor furnished by the defendant to the decedent caused his intoxication, either in whole or in part, and that the court should have so held. There is no dispute but that the deceased purchased and drank at least one glass full of whisky at the defendant's saloon on the evening before his death. Three witnesses testify that, very soon after, he was so intoxicated that he staggered. The defendant called several witnesses, who saw him at about the same time, who testify that he was not intoxicated. Thus the question whether the liquor furnished by the defendant to the decedent caused his intoxication, either in whole or in part, was one of fact to be determined by the jury, and the court properly declined to hold as a matter of law that the evidence was insufficient to establish that fact. That question was properly submitted to the jury, and the finding of the jury in the plaintiff's favor is fairly sustained by the evidence and should be upheld. (*O'Connor* v. *Conzen*, 23 Weekly Dig., 533.)

The defendant also claims that the evidence was not sufficient to warrant the jury in finding that the death of the deceased was in consequence of his intoxication, and that the court erred in not so holding. We do not think this claim can be upheld. We think the evidence was sufficient to require the submission of that question to the jury, and to sustain their finding thereon. It is quite manifest that the intoxication of the plaintiff's husband was the cause of his death. If he had been in possession of his natural faculties, it is extremely difficult to conceive how he could have fallen into this mill-race, or, if he had fallen in, how it was possible that he could have been drowned in water of that depth.

The defendant further claims that "the plaintiff was bound to

show that the intoxication was the immediate and proximate cause of death." The statute under which this action is brought makes no distinction between cases in which the loss of the means of support is the direct result of the intoxication and those in which it is the remote result thereof. It only requires that it should be established that the loss of the means of support is the result of such intoxication. Both direct and consequential injuries are plainly included in the remedy given. The question was not whether the death of the deceased was the natural, reasonable or probable consequence of the defendant's act; but it was enough if intoxication, caused in whole or in part by liquor sold by the defendant, was the cause of the death of the plaintiff's husband, if by reason thereof the plaintiff's means of support were injuriously affected. (*Beers* v. *Walhizer*, 43 Hun, 254; *Blatz* v. *Rohrbach*, 42 id., 402; *Volans* v. *Owen*, 74 N. Y., 529; *Mead* v. *Stratton*, 87 id., 496; *Neu* v. *McKechnie*, 95 id., 636.) We are of the opinion that the evidence was sufficient to warrant the jury in finding that the death of the plaintiff's husband was caused by his intoxication; that his intoxication was caused, in whole or in part, by liquor furnished him by the defendant; and in rendering a verdict for the plaintiff for the injury she had sustained to her means of support by reason of his death.

On the trial witnesses were permitted, under the objection and exception of the defendant, to testify that the deceased was drunk when, or soon after, he left the defendant's saloon. The objection was upon the ground that it called for an opinion and was incompetent. We do not think the exception well taken. The ruling was proper. (*People* v. *Eastwood*, 14 N. Y., 562.)

The defendant offered to prove by his own testimony that, when he received his license, the commissioners issuing it informed him that he could sell whisky under such license, and that he believed it. This was offered to show the defendant's good faith. The evidence was objected to and excluded. This was not error. The appellant now contends that he was entitled to make the proof offered to avoid exemplary damages. This contention would have had more merit if the question of exemplary damages had been involved in the case. While the plaintiff was introducing her evidence she offered proof for the purpose of establishing a basis for

exemplary damages. The defendant then claimed that there was no allegation in the complaint which would justify the admission of such evidence, and the court so held. There was no question of exemplary damages in the case. The court properly excluded the evidence offered. No other errors are claimed by the appellant.

A careful examination of the evidence in this case, and of the questions raised by the appellant, has led us to the conclusion that the verdict was justified by the evidence; that there were no errors committed on the trial that call for a reversal of the judgment, and that the judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs.

FOLLETT, J., concurred; KENNEDY, J., not sitting.

Judgment and order affirmed, with costs.