CATHERINE McSWYNY, Respondent, *v.* THE BROADWAY
AND SEVENTH AVENUE RAILROAD COMPANY, Appellant.

*Supreme Court, First Department, General Term, November 7, 1889.*

1. *Negligence. Railroad.*—The company must use the utmost care to
carry passengers safely to their destination, and the passenger is en-
titled to this degree of protection in leaving the car.
2. *Same. Damage.*—In an action for negligence, the plaintiff is entitled
to recover not only indemnity for the injury sustained at the time of
the trial, but also such as will probably afterwards follow as a necessary
consequence of the accident.
3. *Same. Contributory.*—It is not always negligence, as a matter of law,
to attempt to board a car while in motion.
4. *Evidence. Negligence.*—The condition and appearance of the plaintiff,
some time after the injury, are facts, and as such are competent in an
action for negligence.
5. *Same.*—The plaintiff is competent to testify that her power of motion is
not what it was before the injury.
6. *Same.*—Whether she had anything to do with the employment of any
particular counsel, is immaterial.
7. *Same.*—The plaintiff need not, at the defendant's request, submit to an
examination by physicians on the trial.
8. *Same.*—On trial of such an action, a physician may be asked on cross-
examination whether an examination of the plaintiff, to which he had
testified on his direct, was, in his opinion, a full and fair examination.
9. *Appeal. Case.*—The case upon the appeal should not contain the re-
quests to charge, or the exceptions to refusals, made by the respondent,
nor the rulings against him upon objections to evidence.
10. *Same.*—Subsequent admission of similar uncontradicted evidence cures
an error in the exclusion of competent evidence.
11. *Same.*—The exclusion of relevant testimony, if not prejudicial, is not
reversible error.
12. *Trial. Charge.*—The charge on the question of negligence in this case
was held to be favorable to the defendant.

Appeal from a judgment entered upon a verdict of a jury,
and from an order denying a motion for a new trial.

*Root & Clark,* for appellant.

*Christopher Fine,* for respondent.

DANIELS, J.—The verdict was recovered for the sum of $10,000 for the damages sustained by the plaintiff occasioned by a fall on Broadway, in the city of New York. As the testimony was given upon the trial, it tended to establish the fact that in the afternoon of the 30th of December, 1885, she endeavored to take passage upon a car proceeding upon the street railway in Broadway in a northerly direction. Her testimony was to the effect that the car had stopped and she had placed her right foot on the lower step and her hand on the last rail, and her left hand on the rail of the car at the dashboard, and was in the act of raising the other foot, when the car was started with a jerk, and she was thrown violently to the ground and received the injuries for which the verdict was rendered. Other testimony was given in the case tending to confirm the correctness of her statements, that the car had stopped at the time she endeavored to take passage upon it and that she was injured by being thrown down as the car was afterwards started. This evidence was controverted by that which was given by the conductor and other witnesses examined on the part of the defendant. But the conflict in this manner created presented no more than a question of fact for the jury, upon the determination of which their verdict must be accepted as conclusive. There was no such preponderence in either direction as would permit the court to interfere with their decision as to the effect of the evidence.

Further evidence was given on behalf of the plaintiff tending to establish the fact that a fracture of the upper part of the hip bone was caused by her fall; that she was disabled by the fracture, and for months confined to her bed; that she suffered great pain during the time, and continued to do so when the trial took place, and that it was probable that she would never recover from the consequences of the injury. As to this subject, there were differences between the

witnesses, but like the other, they were of such nature as to require them to be considered and decided by the jury. As the evidence presented the case, it was clearly one of fact to be decided by them.

At the close of the evidence it was submitted to the jury with a clear statement of the law applicable to the theories in this manner presented by the proof. And the jury were left without embarrassment to apply the legal rules applicable to the disposition of the case, in their investigation and decision. But requests were made in behalf of each of the parties for directions to the jury in the main included in the charge as it was first given. They were not wholly accepted or followed as they were presented by the plaintiff's counsel, and exceptions were taken by him to the refusal of the court to accede fully to his propositions. Neither these requests nor the exceptions themselves should have been allowed to form any part of the case upon the appeal, for the reason that the verdict and judgment were in the plaintiff's favor. And needless additions of this description have no other effect than to confuse and obscure the points really to be presented for the decision of an appellate court. The same is true as to the rulings against the plaintiff upon objections taken to evidence. They should have formed no part of the case, and no injustice would now be done if the case should be sent back to be resettled for the purpose of having these objections excluded from it. And if this practice is to be adopted and followed, that will undoubtedly be the remedy for its correction.

But without giving that direction on this occasion, as these defects were not noticed at the time of the argument, it will be as well to consider whether either of the exceptions taken in behalf of the defendant are well founded. An exception was taken on its part to the charge, " That there is no evidence from which the plaintiff might be found guilty of negligence if the car did not entirely and fully stop." This was explained by the court by the statement, " That there is

no evidence by which you could charge the plaintiff with contributory negligence, because the defendant is not guilty of negligence unless the car stopped and was started on again." This direction restricted the right of the plaintiff to recover to the fact that the car had stopped at the time when she endeavored to go upon the platform. And if that were the truth, and all she did was to endeavor to pass up the steps upon the platform, and she was thrown off by the sudden starting of the car, there would be no reason for imputing negligence to her in what she did. But the court proceeded further upon the consideration of this subject, relieving the case from all possible criticism in this respect, for the further charge was given, that she would be guilty of negligence contributing to the injury if she attempted to board the car while it was in motion, by grasping the handle of the rear dash-board with her left hand and placing her right foot on the step, and then raising her left foot to the step. If these were found to be the facts, then the charge was, " That the defendant is entitled to a verdict because there is no evidence that the defendant was negligent."

Upon this subject the further directions were given that it was for the jury to determine, " Whether or not the car started before she had a chance to get on board, and whether started by the driver or conductor does .not make any difference." And these directions placed the case under the dominion of the jury as favorably as the defendant was entitled to have that done under the evidence given upon the trial. For it has been held by the court, and the rule appears now to be settled, that it is not as a matter of law always negligent even for a person to attempt to pass upon a street car while it is in motion. Where it is proceeding at a low rate of speed the act may safely be performed, subjecting the person performing it to no imputation whatever of carelessness or imprudence. Eppendorf *v.* Brooklyn City, etc., R. R. Co., 69 N. Y. 195.

It was by no means a controlling circumstance whether

the car was started up by the act of the conductor or the driver if it was done while the plaintiff was endeavoring to pass upon the platform. For by whomsoever it may have been put in motion, it was a negligent act to perform it in such a manner as to throw the plaintiff from the step, as that was described by herself and the witness sworn in her behalf. The defendant also excepted to the statement made by the court, that the defendant assumed the obligation to use the utmost care to carry passengers safely to their destination. But this has been so often sanctioned and repeated by the authorities as to become an elementary proposition in the law. And the plaintiff was entitled to this degree of protection in endeavoring to go upon the car of the defendant. As the case was presented to the jury, the latter has no legal ground for complaint.

Upon the cross-examination of the witness Joseph Creamer, who was a physician, he was asked whether an examination of the person of the plaintiff, to which he had testified, was in his opinion a full and fair examination. This was objected to. The objection was sustained, and the defendant excepted to the exclusion of the evidence. The question was a fair and proper inquiry addressed to the witness and the defendant was entitled to have it answered. Curtis v. Gano, 26 N. Y. 426; Laros v. Commonwealth, 84 Pa. 200, 208–209.

And if this ruling remained as it was in this manner made, the defendant would clearly be entitled to a reversal of the judgment. But it did not, for the witness Simon J. Walch, who was another physican present at the examination, was asked the question, " Was that as accurate a measurement as it was possible to make, in your judgment?" and he answered, " I think it was." And this seems to have reference to the time concerning which the inquiry was made of the witness Creamer, for he states that Dr. Walch was there, and Dr. Kelley made the measurement. This evidence of the witness Walch was in no manner contradicted or controverted by any other testimony given upon the trial. And it con-

sequently gave the defendant the benefit of the proof in such a manner as to render it the duty of the jury to accept and follow it. Lomer *v.* Meeker, 25 N. Y. 361; White *v.* Stillman, Id. 541.

This was substantially a correction of the error made upon the trial, and the exception to the preceding ruling was thereby deprived of its force and effect.

Another witness sworn on behalf of the plaintiff testified that she saw her about four months after the injury; that she was then lying on her back, and seemed to be suffering great pain. This was objected to by the counsel for the defendant, but the court held it to be competent, and the defendant excepted. No ground was assigned for the support of this objection. And for that reason the defendant cannot now for the first time sustain it by affirming it to be the opinion only of the witness. But evidence of this description is ordinarily more than a mere opinion, for the reason that emotions caused either by distress or pleasure usually exhibit themselves through the countenance. And the indications of their existence are as well defined and accepted by experience as when that may be expressed in the language of the person affected by them. It is not possible for a witness to describe either of these emotions by the employment of language in such a manner as to give the evidence of their existence to a jury. And when that is the fact, there the conclusion of the witness from the appearance of the person has been allowed to be stated. This was done in Adams *v.* People, 63 N. Y. 621, as to the condition of a person's eye-sight. And so it was in People *v.* Eastwood, 4 Kern. 562, as to the existence of the fact of intoxication. And this was followed in McCarty *v.* Wells, 4 N. Y. Supplt., 672. And where the appearance of an individual may be such as to indicate the suffering of great pain, no good reason exists which would justify the exclusion of a statement of the fact by a witness to whose observation the person may have been subjected.

The evidence was sufficient to present the inquiry to the jury whether the injury sustained by the plaintiff was or was not permanent in its effect. The legal rule upon this subject was considered in Johnson v. Manhattan Railway Co., 52 Hun, 111, 113. And the evidence upon the trial of this action was sufficient to place that inquiry within the deliberation of the jury. For if the plaintiff was entitled to recover she was not only entitled to indemnity for the injury she had sustained up to the time of the trial, but for such as would probably afterwards follow as a necessary consequence of the accident. Filer v. N. Y. Central, etc., 49 N. Y. 42.

The refusal of the plaintiff's counsel to permit her to be subjected to the examination of physicians, as that was proposed at the trial by the defendant, is sustained by Roberts v. Ogdensburg, etc., R. R. Co., 29 Hun, 154. And it was entirely competent for the plaintiff to prove by her own evidence that her power of motion was not what it previously had been. And no error arose out of the rulings excluding the answers to the questions as to whether the plaintiff complained of the conduct of the driver or conductor. What she did complain of was very clearly evinced by her evidence, leaving no ground for any misunderstanding upon this subject. And whether she had anything to do with employing any particular counsel was a fact of not the slightest importance upon the trial. What should be the amount of the verdict was an inquiry committed to the good sense and experience of the jury. And in the amount awarded by them they did not transcend the rule sanctioned by any of the authorities. No sufficient reason appears for interfering either with the judgment or the order, and both the judgment and the order denying a new trial should be affirmed.

BARRETT, J.—I concur in the result, and also in Mr. Justice Daniels' opinion, with a single exception. I do not

502    McSWYNY v. B. & S. AVE. R. R. CO.

Note on " Curing Error in Admission or Exclusion of Evidence."

think that the exclusion of the question put to Dr. Creamer was error.    The examination as to which he was being interrogated *was by the defendant's physicians.*

Dr. Creamer had already testified that he had not given a thought to the question of the fairness of this examination, that he only saw part of the measurements which were made, and that he was very indifferent to what took place.    Manifestly then there was no foundation for an accurate opinion upon the subject ; and upon this ground, the exclusion of the question might fairly be justified.    But further, the doctor's opinion was thus asked, not as to the result of his own or of another physician's examination, but whether an examination not then in evidence, and which might never be in evidence, was full and fair.    In other words, the cross-examining counsel desired in this manner to herald his forthcoming testimony with a certificate of its value from the plaintiff's witness.    Still further, even if the ruling in question was erroneous, I cannot agree that after so thorough and exhaustive an examination as was given to Dr. Creamer, covering minutely every feature of the injury and of the treatment, a new trial should be awarded for an error which could not possibly have prejudiced the defendants.

VAN BRUNT, P. J., concurs.

---

NOTE ON " CURING ERROR IN ADMISSION OR EXCLUSION OF EVIDENCE."

The withdrawal of a question and answer removes the objection.    Morrison *v.* B. & S. A. R. R. Co., 55 Hun, 608.

Subsequent testimony similar to the question excluded, cures the error. Moss *v.* Man. R'y Co., 58 Hun, 611.

Error in excluding proper evidence is cured by the subsequent admission of the same or similar evidence.    Baird *v.* Slaight, 55 Hun, 603.

Similar uncontradicted testimony of a disinterested witness cures the admission of the testimony of an incompetent witness.    Olcott *v.* Kohlsaat, 55 Hun, 607.

Evidence excluded, but afterwards admitted, cures the error,    Morris *v.* Wells, 54 Hun, 634.

Note on " Curing Error in Admission or Exclusion of Evidence."

The admission of the fact by the adverse party cures the error in admitting improper proof thereof.    People *v.* Decker, 57 Hun, 591.

As to when error in the admission of improper testimony is cured, see Chase *v.* Nichols, 32 N. Y. St. Rep. 88.

The subsequent withdrawal of objections to putting a contract in evidence, cures the error in its original exclusion. · Flanagan *v.* Mitchell, 16 Daly, 223.

Error in refusing to dismiss a complaint is cured by either party subsequently supplying the necessary evidence.    Elwell *v.* Fabre, 37 N. Y. St. Rep. 352.

Error in admitting a witness' conclusion is remedied by his subsequently detailing the facts or conversation.    Danenbaum *v.* Person, 25 N. Y. St. Rep. 849.

To cure an error in the admission of incompetent evidence, it must be unqualifiedly withdrawn from the jury.    Hastings *v.* B.L.Ins. Co., 53 Hun, 631.

A·ruling striking out the whole of an answer is cured by subsequent testimony which, in detail, supplies all that was responsive to the question. Barton *v.* Govan, 116 N. Y. 658.

An admission of evidence, without objection, cures a failure to plead. Flaherty *v.* Miner, 15 Daly, 173.

In the absence of a demurrer or motion to dismiss, the sufficiency of the evidence will cure an insufficiency in the pleading.    Hinds *v.* Kellogg, 37 N. Y. St. Rep. 356.

Error in the admission of incompetent evidence is removed by a direction to disregard it.    Doyle *v.* Man. R. Co., 16 Daly 506.

As to when an error in the admission of incompetent evidence was not disregarded, see Doolittle *v.* Stone, 55 Hun, 604.

The admission of improper evidence, which may affect the verdict, is not generally cured by a direction of the judge to disregard it.    Enos *v.* Enos, 58 Hun, 45.

Where a mistake in the admission of evidence is immediately discovered and the evidence promptly stricken out, the error will be deemed cured. Holmes *v.* Moffat, 120 N. Y. 159.. The act of the court in withdrawing such evidence from the consideration of the jury and charging them that it is not before them as evidence at all, is equivalent to striking it from the record.    Id.    Such rules apply even where timely objection was made to irrelevant evidence.    Id.

The subsequent direction to the jury to disregard the improper testimony cures the error in its admission.    Newman *v.* Ernst, 31 N. Y. St. Rep. 1.

Where a court has received improper evidence in a civil action, under objection and exception it may remedy the error by striking out the evidence of its own motion.    Gall *v.* Gall, 114 N. Y. 109.    The better practice is, in addition to striking out the evidence, to carefully instruct the jury to disregard it.    Id.    But an omission to do so is not error in the absence of a request.    Id.

An error, if any, in striking out certain evidence is cured by the admission of the same or similar testimony later on in the trial. Mann *v.* Barrows, 14 N. Y. St. Rep. 10.

The court is not bound to strike out erroneous evidence after its admission. Simpson *v.* Man. R'y Co., 17 N. Y. St. Rep. 68. The proper remedy is to ask the court to direct the jury to disregard it. Id.

---

## In the Matter of the Revocation of Probate of the Will of ANN VOORHIS, Deceased.

*Supreme Court, First Department, General Term, November 8, 1889.*

1. *Will. Execution.*—A will drawn pursuant to instructions of the testatrix, corrected, signed and executed as the law requires, is entitled to probate, where she understood its contents and designed it to be her will, though she is aged, capricious and illiterate.
2. *Same.*—In such case, where she, in substance and effect, either directly or through the attorney in her presence, requests two persons to act as subscribing witnesses, it is so far a sufficient compliance with the statute.
3. *Same. Revocation.*—Mere dissatisfaction on the part of the testatrix with her will, not evidenced or followed by the requisite statutory acts, does not amount to a revocation.

Appeal from a decree of the surrogate of the county of New York, denying an application to vacate and annul the probate of a will, and confirming the probate thereof.

*H. M. Whitehead*, for appellant.

*C. E. Tracy* and *D. M. Helm*, for respondent.