## CLARK v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

**1. TRIAL—PERSONAL INJURIES—PHYSICAL DEMONSTRATION—PROPRIETY.**
　　On the trial of a personal injury action it is proper to permit plaintiff to attempt to write his name and to drink a glass of water in the jury's presence, for the purpose of demonstrating the extent of his injuries.

**2. PERSONAL INJURY ACTION—AMOUNT OF DAMAGES—AMENDMENT OF COMPLAINT.**
　　On the trial of a personal injury case, the testimony being concluded, it is not an abuse of discretion to permit an amendment of the complaint increasing the claim for damages from ten to twenty thousand dollars.

**3. SAME—HARMLESS ERROR.**
　　Any error in permitting an amendment of a complaint increasing the claim for damages for personal injuries is harmless where the recovery did not exceed the amount originally claimed.

**4. SAME—EXCESSIVE VERDICT.**
　　A verdict of $10,000 for personal injuries is not excessive, the evidence showing that plaintiff had sustained a fracture of two ribs, contusion on the whole chest, bruises on the back and head and hand, and had developed pleurisy from the rib fracture, and a nervous tremor, indicating chronic sclerosis of the spinal cord and brain, which was progressive and incurable.
　　Goodrich, P. J., dissenting in part.

Appeal from trial term, Kings county.

Action by Patrick Clark against the Brooklyn Heights Railroad Company. From a judgment for plaintiff and an order denying defendant's motion for new trial, it appeals. Affirmed.

Leave to amend a complaint increasing the claim for damages from ten to twenty thousand dollars was asked after all the testimony was in. It appeared from the testimony of the ambulance surgeon that plaintiff's fall from his truck to the street produced fractured ribs, contusions on the head, and "contusions on the whole chest." He was taken to the hospital and to his home the day after, when his family doctor was called in, and found him

---

¶ 4. See Damages, vol. 15, Cent. Dig. §§ 372–374.

suffering with a fracture of two ribs, a black and blue spot 5 inches long and 3½ inches wide, covering the first, second, third, and fourth dorsal vertebræ of the spine, three contusions on the back of the head, one a little to the right of the center of the big bone of the head and two others over the ear, and a severe contusion on the back of the hand, which was very much swollen at the time. Plaintiff progressed poorly for five or six weeks, and developed a pleurisy due to the fractured ribs. Shortly after, a tremor began to manifest itself, which steadily grew worse. Expert testimony showed that plaintiff exhibited unmistakable evidence of chronic sclerosis of the spinal cord and brain, which was permanent and progressive in character.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

I. R. Oeland, for appellant.

Isaac M. Kapper, for respondent.

WILLARD BARTLETT, J. This is an action to recover damages for personal injuries sustained by the plaintiff by reason of a collision between a truck which he was driving and one of the trolley cars of the defendant. Upon the argument of the appeal, no question has been presented in behalf of the appellant as to the negligence of the defendant or the plaintiff's freedom from contributory negligence. Only three points are argued in the brief, and these I will consider in order.

1. For the purpose of showing the extent of the plaintiff's injuries, he was permitted by the trial court, in the presence of the jury, to attempt to drink a glass of water and to attempt to write his name. The record indicates that, in attempting to write, the hand of the plaintiff was unsteady. As to his ability to drink, the record states: "The witness is handed a glass of water, which he takes with both hands. He spills the water and his hands tremble; then he uses a handkerchief in the same way." It is contended in behalf of the plaintiff that it was error for the learned judge who presided at the trial to permit these physical demonstrations of the alleged inability of the plaintiff caused by the accident. We are referred to no direct authority on this question in any appellate court of this state, but I am inclined to think that such evidence was admissible within the fair discretion of the trial court. The injured person could certainly be allowed to testify that since the injury he had not been able to write without experiencing a tremor of the hand, or to drink a glass of water without similar inconvenience. I am unable to perceive any good reason why he may not be allowed to illustrate the extent of this incapacity as well as to state it in words. Deception, of course, is possible in such an illustration, but it is equally possible in the oral statement. In either case the jury are to judge of the credibility of the witness. In Winner v. Lathrop, 67 Hun, 511, 22 N. Y. Supp. 516, the plaintiff bared her wrist and exhibited it to the jury, and moved it, for the purpose of showing its defects. In holding that the defendant should thereafter have been allowed to examine the plaintiff's wrist in the presence of the jury, the general term clearly assumed that the exhibition of the wrist, and the limited extent to which the plaintiff claimed to be able to move it, were properly permitted. In Hatfield v. Railroad Co., 33 Minn. 130, 22 N. W. 176, 53 Am. Rep. 14, the supreme court of Minnesota said:

"As the object of all judicial investigations is, if possible, to do exact justice and obtain the truth in its entire fullness, we have no doubt of the power of the court, in a proper case, to require the party to perform a physical act before the jury that will illustrate or demonstrate the extent and character of his injuries. This is in accordance with analogous cases in other branches of the law. When a view of real estate will aid the jury in reaching a conclusion, it is within the discretion of the court to permit it. When an inspection of an article of personal property will aid them, it is not infrequent to cause the article to be brought into court for the same purpose."

A distinguished law writer, Seymour D. Thompson, formerly one of the judges of the St. Louis court of appeals, in his treatise on the Law of Trials, lays down what seems to me to be the correct rule on this subject when he says that "it has been concluded that the trial court has power, in a proper case and under proper circumstances, to direct the plaintiff to do a physical act in the presence of the jury which will show the character of his injuries." 1 Thomp. Trials, § 862. Speaking from my own experience as a trial judge at the circuit, I may say that it has been a common practice, without objection, for injured persons to be asked to demonstrate by their physical movements the extent to which they claimed to have suffered impairment of bodily motion by reason of the injuries which they had received.

2. A second assignment of error is the action of the trial court in permitting the plaintiff to amend his complaint by increasing the claim for damages from ten to twenty thousand dollars. As to this point, it is sufficient to refer to the case of Zimmer v. Railroad Co., 36 App. Div. 265, 55 N. Y. Supp. 308, where this court, through Mr. Justice Cullen, held that the amendment was a matter in the discretion of the trial judge, and not subject to review except in the case of manifest abuse. There was no abuse of discretion here, and the recovery did not exceed the sum originally claimed.

3. The third point is that the verdict was excessive in amount. In view of the serious permanent and progressive character of the injuries proved to have been sustained by the plaintiff, I do not think that we should be justified in interfering with the judgment on this ground.

I advise an affirmance.

Judgment and order affirmed, with costs. All concur, except GOODRICH, P. J., who dissents from that part of the opinion which sustains the amount of recovery, but otherwise concurs therein.