## WALBURGH EIDT *vs.* W. E. CUTTER & another.

Worcester.    October 1, 1879.    ENDICOTT & LORD, JJ., absent.

In an action for injury to the plaintiff's house, the question in controversy, and upon which both parties had introduced the testimony of experts, was whether the injury was caused by fumes and gases from the defendant's copperas works, or by emanations from a sewer near the premises. The plaintiff's experts were allowed to give the grounds and reasons of their opinions, including the details of experiments made by them elsewhere than on the premises in question, under conditions and circumstances which, as they testified, were as nearly as possible like those surrounding the plaintiff's house, in the absence of the sewer. *Held*, that the defendant had no ground of exception.

TORT for injuries to the plaintiff's house and fence, alleged to have been caused by the fumes, vapors and gases, escaping from the defendants' copperas works, and discoloring the paint on the house and fence.

At the trial in the Superior Court, before *Dewey*, J., it appeared that the premises of the parties were in the southerly part of the city of Worcester, and in close proximity to an open sewer maintained by the city; and there was evidence tending to show

,m this sewer, and from the piles of filth dug from it and . on its banks, there were foul exhalations of gases containi. ammoniacal salts.

The evidence of the defendants' experts tended to show that the gases and substances escaping from the copperas works would not of themselves produce the discoloration visible on the plaintiff's house, but that the discoloration as seen was produced by the union of the gases and substances from the defendants' works with the ammoniacal gases escaping from the sewer. The defendants' experts testified that copperas deposited on a painted surface did not break through or abrade the paint; and exhibited to the jury a board, upon which they had atomized copperas in large quantities, and changed its color by ammonia, from which the copperas had been brushed, and the painted surface was shown intact underneath. This experiment was offered only to show the fact that copperas did not penetrate paint.

The evidence of the plaintiff's experts tended to show that the condition of the plaintiff's house and fence could be, and was, brought about by the gases and substances coming from the defendants' works; that the gases coming from the open sewer probably accelerated and intensified the effect, but that there is a sufficient quantity of ammonia in ordinary atmosphere to account for the present discoloration. These experts stated that they formed their judgment from their general knowledge of chemistry, from experiments heretofore made, and from a series of experiments recently made by them, both at the house of the plaintiff, and in the city of Providence, Rhode Island, and elsewhere. The experiments made at the house of the plaintiff were upon boards, papers, &c., exposed for six weeks to the atmosphere, and to the fumes, vapors and substances therein contained, and were acted upon thereby under the same circumstances and conditions as the plaintiff's house during the time they remained on the house. The experiments made at Providence and elsewhere consisted mainly of atomizing copperas upon boards, papers, glass, &c., and exposing the same to the atmosphere, and were made under conditions and circumstances which, as the plaintiff's experts stated, were, in their opinion, as near like those surrounding the plaintiff's house, in the absence of the sewer, as was possible, and were made for the purpose of ascertaining the

effect of copperas gases where the atmosphere was otherwise pure. The boards, papers, &c., thus used by these witnesses of the plaintiff in these experiments, were brought into court and exhibited, and explained to the jury, and a detailed account of the experiments given to the jury by the witnesses.

The defendants objected to the introduction before the jury of any of the experiments, and the evidence given explanatory thereof, made by the plaintiff's experts at Providence, Rhode Island, and at other places than the plaintiff's house. The judge admitted these last-named experiments and the evidence relating thereto, on the ground that, the experts, having first stated their judgment as to the character and effect of the gases and substances from the defendants' works alone, and when in union with ordinarily pure air, and when in union with the gases coming from the city sewer, might state the grounds on which they based their judgment; and, they having stated that, among other things, the grounds on which they based their judgment were certain experiments made by them, the judge allowed the witnesses to testify as to the experiments made by them, limiting them to the statement of the experiments on which they said they had, in part, based the judgment and opinion as to which they had testified.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*W. S. B. Hopkins & A. G. Bullock*, for the defendants.

*J. R. Thayer*, for the plaintiff, was not called upon.

BY THE COURT. The question in controversy, and upon which both parties had introduced the testimony of experts, was whether the injury to the plaintiff's house was caused by the fumes and gases from the defendant's works, or by the emanations from a sewer. The grounds and reasons of the opinions of the experts, including the details of experiments made by them under conditions and circumstances which, as they testified, were as nearly as possible like those surrounding the plaintiff's house in the absence of the sewer, were rightly permitted to be stated by the experts, in order to assist the jury in understanding their testimony and applying it to the case. *Lincoln* v. *Taunton Copper Co.* 9 Allen, 181. *Commonwealth* v. *Piper*, 120 Mass. 185, 190. *Williams* v. *Taunton*, 125 Mass. 34.      *Exceptions overruled.*