LUCY HATFIELD *vs.* ST. PAUL & DULUTH RAILROAD COMPANY.

January 21, 1885.

**Action for Personal Injuries — Performance of Physical Act before Jury.**—In an action for personal injuries the court has the power, in a proper case, and under proper circumstances, to require the plaintiff to perform a physical act in presence of the jury that will show the nature and extent of his injuries. But the propriety of doing so in a given case rests largely in the discretion of the trial court.

**Same — Walking across Court-Room.**—In this case the uncontradicted evidence of a number of witnesses showed that, since receiving the injury complained of, the plaintiff was lame, and "limped" when she walked. *Held,* not error for the court to refuse to require her to walk across the court-room in presence of the jury.

Evidence *held* sufficient to sustain the verdict.

Appeal by defendant from an order of the district court for Ramsey county, *Brill,* J., presiding, refusing a new trial after a verdict of .$2,000 for plaintiff.

*James Smith, Jr.,* and *I. V. D. Heard,* for appellant.

*C. D. O'Brien,* for respondent.

MITCHELL, J. 1. We have examined all the evidence in this case, and are of opinion that it justified the verdict.

2. The plaintiff, while leaving defendant's cars, fell or was thrown from the platform or steps of the car upon the ground, injuring the sciatic or great nerve of the thigh. The plaintiff, as a witness in her own behalf, testified that this had caused her great and constant pain, and had caused the thigh to shrink, and had rendered her lame, and caused her to "limp" in walking. The counsel for defendant requested the court to direct her to walk across the court-room in presence of the jury, which the court declined to do, to which refusal defendant excepted.

As the object of all judicial investigations is, if possible, to do exact justice and obtain the truth in its entire fulness, we have no doubt of the power of the court, in a proper case, to require the party to perform a physical act before the jury that will illustrate or demonstrate the extent and character of his injuries. This is in accordance with analogous cases in other branches of the law. When a view of real estate will aid the jury in reaching a conclusion, it is within the discretion of the court to permit it. When an inspection of an article of personal property will aid them, it is not infrequent to cause the article to be brought into court for the same purpose. *Line* v. *Taylor*, 3 Fost. & F. 731; *Lewis* v. *Hartley*, 7 Car. & P. 405. The practice in patent and in certain equity cases, of allowing tests to be applied before the court, is somewhat analogous in principle. So is the practice of divorce courts, of ordering an examination of the person of the party in certain cases.

It is a common practice to allow plaintiffs, in actions for personal injuries, to exhibit to the jury their wounds, in order to show their extent, or to enable a surgeon to demonstrate their nature and character. This has been held proper. *Mulhado* v. *Brooklyn City R. Co.*, 30 N. Y. 370. If for these purposes a plaintiff may exhibit his injuries, there would seem to be no reason why, under proper circumstances, he may not be required to do the same thing, for a like purpose, upon request of the defendant. In some cases it has been held that a party may be required to submit to an examination by competent professional men, for the purpose of ascertaining the nature and extent of his injuries. *Schroeder* v. *Chicago, R. I. & P. R. Co.*, 47 Iowa, 375; *Atchison, etc., R. Co.* v. *Thul*, 29 Kan. 466. From

analogy to such cases, we conclude that a court has the power, in a proper case and under proper circumstances, to direct the plaintiff to do a physical act in presence of the jury that will illustrate or show the character of his injuries. And we are by no means prepared to say that there may not be circumstances where the defendant would have a right to such an order. But it is evident from the very nature of things that the propriety of such an order must usually rest largely in the discretion of the trial court, and it would only be in case of a plain abuse of such discretion that we would interfere.

In the present case, we think the court very properly refused to direct the plaintiff to exhibit herself to the jury and by-standers by walking across the room. Such an act would have furnished the jury little or no aid in determining the extent or character of her injuries. The only fact it could by any possibility have determined was whether or not she was lame or "limped," as she testified, in walking. But there was already ample and *uncontradicted* evidence of this fact. Her own evidence on the point was fully corroborated by that of three or four other witnesses, her neighbors or members of her family, who had seen her almost daily since the accident.

Order affirmed.