## LAKE v. WINSLOW *et al.*

No. 2202.   Opinion Filed January 21, 1913.

(129 Pac. 863.)

**DIVORCE** — Amendment — Petition — Discretion of Trial Court. An amended petition in an action for divorce and alimony, filed at a time when plaintiff knew all the facts with reference to the title to property sought to be reached, alleged that plaintiff was the owner of certain property which her husband, the defendant, acting as her agent, traded for certain other property which he fraudulently caused to be conveyed to a third person, who was joined as defendant, and alleged that the third person colluded with the husband in the fraudulent design to cheat plaintiff. Two years later, plaintiff offered to file an amendment alleging that she acquired the property so traded by her labor and efforts, but that the legal title was in her husband, and that he traded the property for certain other property, promising to have the property received in exchange conveyed either to plaintiff or himself, but that he procured it to be conveyed to a third person, with the fraudulent design on the part of himself and the third person to cheat plaintiff, and praying that the third person be adjudged to hold the property in trust for plaintiff and her husband. Permission to file this amendment was refused. More than a year later she offered to file another amendment, in which the allegations were substantially the same as in the amendment she had been refused leave to file, but which prayed that the title be divested out of the third person and be vested in her husband. **Held,** that the court did not abuse its discretion in refusing leave to file the last offered amended petition, and in dismissing the action as to the third person.

(Syllabus by Rosser, C.)

*Error from District Court, Oklahoma County;*
*John J. Carney, Judge.*

Action by L'Amie Lake (*nee* Winslow) against Charles Winslow and another. From an order refusing leave to file an amended petition, and from a judgment dismissing the action as to defendant Grace A. Winslow, plaintiff brings error. Affirmed.

*Embry & Hastings* and *Bennett & Pope,* for plaintiff in error.

*Warren K. Snyder,* for defendants in error.

Opinion by ROSSER, C. This is an appeal from a judgment of the district court of Oklahoma county refusing to permit

the plaintiff to file a third amended petition in this cause, and dismissing the action as to the defendant Grace A. Winslow. The plaintiff brought this action for divorce on the 20th day of November, 1905. Her original petition stated a cause of action for divorce against defendant Charles Winslow, and alleged that he was the owner of certain lands and personal property which had been acquired by the joint efforts of herself and the defendant, and prayed that the defendant be enjoined from selling the property or incumbering it in any way, and also prayed for a divorce. On the 1st day of December, 1905, she filed an amended petition in which she alleged that on the 1st day of April, 1905, she was the owner of certain real estate in Oklahoma City, and that she employed the defendant Charles Winslow as her agent to exchange her property for the property described in her original petition, and requested him to cause the title to be taken in her name, but that he disregarded her instruction, and in fraud of her rights took the title in the name of Grace A. Winslow; that Grace A. Winslow never paid anything for the purchase price, and that she paid the entire purchase price; that the conveyance to Grace A. Winslow was made by collusion and fraudulent design between the defendants Charles Winslow and Grace A. Winslow, for the purpose of cheating the plaintiff. This petition prayed for a judgment declaring Grace A. Winslow a trustee for plaintiff of the land described, and vesting the title in the plaintiff.

On the 25th of April, 1906, the court rendered a decree of divorce in favor of the plaintiff, and continued the case, so far as it related to alimony and to the alleged fraudulent transfer of the property to Grace A. Winslow. On the 13th day of February, 1908, the plaintiff offered to file an amendment to her petition, which alleged, in substance, that through her management, efforts, and labor she acquired certain property in Oklahoma City, but that the legal title to the property was in the defendant Charles A. Winslow; that about April 1, 1905, the defendant Charles A. Winslow induced the plaintiff to join with him in a conveyance of said real estate to one A. J. Vance in exchange for certain property now held by Grace A. Winslow; that, be-

fore the exchange was made, it was agreed by and between the plaintiff and Charles A. Winslow that the land received from Vance in exchange should be conveyed either to her or to him; that the said Vance executed a conveyance to the defendant Grace A. Winslow; that the conveyance was made to her with the purpose and intent of defrauding the plaintiff out of her rights and interest in and to said real estate; that no consideration passed from the said Grace A. Winslow to plaintiff, or to the said Charles A. Winslow, or to any other person interested in said real estate; that Grace A. Winslow received and accepted the conveyance with knowledge that it was made to defraud the plaintiff out of her rights. On the 27th day of April, 1908, the court denied the plaintiff's motion to be allowed to file this amended petition. On the 29th day of July, 1909, the plaintiff moved for leave to file another amended petition exactly the same as the last one above set out, except that it prayed that the court adjudge that the land was acquired by the joint efforts of the plaintiff and defendant. On the 22d day of December, 1909, the court overruled the motion and dismissed the action as to Grace A. Winslow, and continued the hearing for alimony against Charles A. Winslow.

The grounds upon which the court refused leave to file the second amended petition do not appear. The facts therein set out, if true, were known to the plaintiff when she filed her first amended petition. A court has some discretion as to allowing amendments. See *Alcorn v. Dennis,* 25 Okla. 135, 105 Pac. 1012; *Swope v. Burnham, Hanna, Munger & Co.,* 6 Okla. 736, 52 Pac. 924; *Tecumseh State Bank v. Maddox,* 4 Okla. 583, 46 Pac. 563; *Kuchler v. Weaver,* 23 Okla. 420, 100 Pac. 915, 18 Ann. Cas. 462. The amendment offered was inconsistent with the original and first amended petitions. No showing was made as to why the allegations of the amendment offered were not made a part of the first amended petition. The action of the court in refusing to permit an amendment was acquiesced in for more than a year, and then another amendment was offered, in which the facts alleged were exactly the same as in the one rejected, and in which there was only a slight difference in the

prayer, and that was inconsistent with the allegations of fact in the petition. Under these circumstances, it cannot be said that the court abused its discretion in refusing to allow the amendment to be filed.

The refusal to allow the amendment left the case standing as against Grace Winslow in the first amended petition. Plaintiff in error admits that, under the allegations of that petition, the action against Grace A. Winslow cannot be joined with an action for divorce and alimony. The allegations of the rejected amendments, if true, show that plaintiff is the actual owner of the property, though the prayer is that the title be vested in the husband. If plaintiff paid the consideration for the property deeded to Grace A. Winslow, she can establish the trust in an independent action, and Grace A. Winslow is not a necessary party to the action for divorce and alimony. *Peck v. Peck*, 66 Mich. 586, 33 N. W. 893.

The judgment should be affirmed.

By the Court: It is so ordered.