# CURTIS & GARTSIDE CO. v. PRIBYL.

No. 2407.   Opinion Filed July 22, 1913.

(134 Pac. 71.)

1.   **MASTER AND SERVANT—Safe Appliances—Factory Act—Construction.** Section 4029, Comp. Laws 1909 (Rev. Laws 1910, sec. 3746), which provides: "The owner or person in charge of the factory `or any institution where machinery is used shall be provided (shall provide same) with belt shifters or other mechanical contrivances for the purpose of throwing on or off belts on pulleys whenever practicable. All machines shall be provided with loose pulleys and all vats, pans, planers, cogs, gearing, belting, shafting, set screws and machinery of every description shall be properly guarded. No person shall remove or make ineffective any safeguard around or attached to any machinery, vats, or pans, while the same are in use, unless for the purpose of immediately making repairs thereto and all such safeguards so removed shall be promptly replaced; if a machine or any part thereof is not properly guarded the use thereof may be prohibited by the factory inspector, or deputy factory inspector, and a notice to that effect shall be attached thereto; such notice shall not be removed until the machine is made safe and the required safeguards are provided and in the meantime such unsafe or dangerous machinery shall not be used"— was designed to protect persons employed and laboring in manufacturing establishments while in the performance of any duty, whether ordinary or general, exceptional or occasional.

     (a)   But its protection extends only to persons acting within the scope of some employment.

2.   **SAME—Assumption of Risk—Violation of Factory Act.** Where a master or owner of a factory violates the law requiring "belt shifters or other mechanical contrivances for the purpose of throwing on or off belts or pulleys whenever practicable" to be provided, and "all machines" to be provided "with loose pulleys * * * and * . * * belting * * * and machinery of every description," an employee, though working with knowledge of that violation, does not assume the risk of injury.

     (a)   A master who relies on the assumption of risk has the burden of proof.

3.   **APPEAL AND ERROR—Master and Servant—Trial—Objections —Presentation Below — Instructions.** Instructions given examined, and held, not to be prejudicial error.

4.      SAME—Verdict—Evidence. Where there is any substantial
evidence reasonably tending to sustain the verdict of the jury,
this court on review will not disturb the same.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*A. N. Munden, Judge.*

Action by James Pribyl against the Curtis & Gartside
Company. Judgment for plaintiff, and defendant brings error.
Affirmed.

*Flynn, Chambers, Lowe & Richardson, Everest, Smith*
*& Campbell,* and *Hunt C. Hill,* for plaintiff in error.
*Fred S. Caldwell* and *Chas. H. Garnett,* for defendant in
error.

WILLIAMS, J. This proceeding in error is to review
a judgment for $5,000 in favor of the plaintiff in a case wherein
the defendant in error, as plaintiff, sued the plaintiff in error,
as defendant, for damages on account of personal injuries
alleged to have been sustained on October 18, 1908, while em-
ployed in a manufacturing establishment owned and op-
erated by said defendant. The plaintiff in error will be herein
referred to as "the company" and the defendant in error as
"the employee." The action was commenced in the lower
court on September 25, 1909. In the petition the employee
charges: (1) Failure of the company to provide safe and
suitable machinery and appliances in the department in
which he worked for his protection and safety in the perform-
ance of the duties of his employment, and to maintain the
same in a safe and suitable condition and location for his
use in said employment; and (2) that the company negligently
and wrongfully provided machinery and appliances that were
defective, and thereby dangerous to the safety of the said
employee in the performance of the duties of his employment.
In the petition the respects in which the place is unsafe, and
the machinery is defective, and thereby dangerous, are specifically
set out. On March 10, 1910, the employee, over the objec-

tion and exception of the company, was allowed to amend his petition by adding thereto an additional paragraph as follows:

"And the defendant likewise wrongfully and negligently failed and neglected to provide the machinery aforesaid, to wit, the said rip saw and the said shaft, with a belt shifter or other mechanical contrivance for the purpose of throwing on or off the belt aforesaid connecting the pulleys attached thereto, and to provide the said rip saw and the said machinery with loose pulleys, and to properly guard the said belt and rip saw and shaft, by reason of all of which the said belt and machinery were rendered unsafe and dangerous to the plaintiff in the performance of his duty aforesaid."

Defendant moved to strike said amendment on the ground: (1) That it was neither germane to the petition or the facts therein pleaded; nor (2) were the facts competent, relevant, and material to any issue raised in said cause, nor stated any grounds or cause of negligence for which the company was liable. The motion to strike was overruled, and exceptions saved. After issues were joined and the trial begun before a jury, the defendant objected to the introduction of any evidence on the ground that the petition did not state a cause of action, and saved its exceptions to the disallowance of the said objection.

1. Section 4029, Comp. Laws 1909 ([Rev. Laws 1910, sec. 3746], section 7, article 5, Sess. Laws 1907-08, p. 508), provides:

"The owner or person in charge of the factory or any institution where machinery is used shall be provided (shall provide same) with belt shifters or other mechanical contrivances for the purpose of throwing on or off belts on pulleys whenever practicable. All machines shall be provided with loose pulleys, and all vats, pans, planers, cogs, gearing, belting, shafting, set screws and machinery of every description shall be properly guarded. No person shall remove or make ineffective any safeguard around or attached to any machinery, vats, or pans, while the same are in use, unless for the purpose of immediately making repairs thereto and

all such safeguards so removed shall be promptly replaced; if a machine or any part thereof is not properly guarded the use thereof may be prohibited by the factory inspector, or deputy factory inspector, and a notice to that effect shall be attached thereto; such notice shall not be removed until the machine is made safe and the required safeguards are provided and in the meantime such unsafe or dangerous machinery shall not be used."

Section 4040, Comp. Laws 1909 ([Rev. Laws 1910, sec. 3756], section 18, article 5, Sess. Laws 1907-08, p. 512), provides:

"Any person, firm, or corporation, who fails to comply with any provision of this article, except as otherwise provided, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in a sum not less than ten dollars nor more than one hundred dollars for each offense."

Counsel for the company contend that said section 4029, *supra,* applies only to those who handle or operate such machinery, and that the failure to comply with such requirement by the company is not the proximate cause of the injury to the employee in this case. On the other hand, in the brief of counsel for the employee it is insisted that it was "the intention of the Legislature in the enactment of said section to provide safeguards and protection from danger to all employees whose duties might bring them in dangerous proximity to the machinery described in the statute," and "that the provision as to loose pulleys and as to properly guarding belting, shafting, etc., is as much for the protection of those whose duties require them to work around such machinery and to pass and repass near it, or in any way come close enough to it to become in danger, as it is for the benefit of those whose duties require them to shift belts from one pulley to another, or directly handle the machinery."

The Kansas Factory Act, enacted by the Legislature of 1903, contains provisions substantially the same as sections 4029 and 4040, *supra* (sections 4676 and 4683, General Statutes of Kansas 1909).

In *Caspar v. Lewin et al.*, 82 Kan. 604, 109 Pac. 657, syllabus paragraphs 4, 5, and 6 are as follows:

"4.    Section 4 of the Factory Act (Laws 1903, c. 356; Gen. Stat. 1909, sec. 4676), relating to safeguards for machinery and appliances, is not limited in its application to workmen engaged in their ordinary duties only. It is designed to protect persons employed or laboring in manufacturing establishments while in the performance of any duty, whether ordinary and general or exceptional and occasional.

"5.    The Factory Act ignores the common-law duty resting on the factory owner or operator to exercise reasonable care to prevent forseeable injuries, and establishes a statutory measure of prudence, by making specific precautionary requirements relating to specified places, structures, and appliances; and in an action founded on the act for damages consequent upon injuries to an employee acting in the scope of his duty, caused by the absence of a prescribed safeguard, it is no defense that the injury could not, with reasonable prudence, have been anticipated.

"6.    The protection of the Factory Act extends only to persons acting within the scope of some employment or labor. But the factory owner cannot evade the requirements of the act, as that belt shifters shall be provided, by means of rules or instructions relating to the use of appliances, as that belts shall be shifted only while the machinery is not in motion."

The following cases support the proposition that section 4029 requires such machinery to be so guarded, if practicable, as to reasonably protect such workmen from injury, whether actually operating the machinery or engaged in the discharge of any other duties as an employee in the factory, mill or shop: *Christianson v. Northwestern Comp. Board Co.*, 83 Minn. 25, 85 N. W. 826, 85 Am. St. Rep. 440; *Hartman v. Berlin & Jones Envelope Co.*, 71 Misc. Rep. 30, 127 N. Y. Supp. 187; *Cook v. Danaher Lbr. Co.*, 61 Wash. 118, 112 Pac. 245; *Thompson v. Edward P. Allis Co.*, 89 Wis. 523, 62 N. W. 527.

In *Fitzwater v. Warren et al.* (decided by the Court of Appeals of New York on October 22, 1912) 206 N. Y. 355, 99 N. E. 1042, 42 L. R. A. (N. S.) 1229, the case of

*Knisley v. Pratt,* 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367, wherein it was held that:

"(1) The assumption of the obvious risks of unguarded cogwheels by an employee, who thus waives the protection of a statute requiring them to be guarded, is not in contravention of public policy. (2) Disregard of the statutory duty properly to guard the cogwheels of a machine, which is imposed by Laws 1890, c. 395, p. 756, sec. 12, does not render an employer liable to an employee whose hand was caught in such wheels, where the risk is obvious, and was assumed by engaging in the work"

—was overruled, and the doctrine announced that:

"(1) Where a master violated the law requiring all set screws to be guarded, a servant, though working with knowledge of that violation, did not assume the risk of injury. (2) A master who relies on assumption of risk has the burden of proof. (3) Though a defect be apparent, yet, if it would require judgment not possessed by the ordinary observer, or the servant, to realize the hazard, there is no assumption of risk by the servant."

In the opinion Cullen, C. J., said:

"The defendants seek to be relieved from the consequences of their wrongdoing, on the claim that the plaintiff assumed the risk of their illegal act because he saw and knew of the existence of the unguarded set screw. My personal opinion on this subject is the same as that expressed by me in the former General Term of the Supreme Court (*Simpson v. N. Y. Rubber Co.,* 80 Hun, 415, 30 N. Y. Supp. 339), that public policy precludes an employee from assuming the risk created by a violation of the statute, or waiving liability of the master for injuries caused thereby. In the case of *Knisley v. Pratt,* 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367, this court took a different view of the law; and, if the authority of that case remained in full force, I should feel constrained to subordinate my own convictions to that decision, though I may say in passing that subsequent to the decision of the Simpson and Knisley cases the federal Circuit Court of Appeals, in an elaborate opinion by the present President of the United States, held the same doctrine as that of the Simpson case—that risks occasioned by the failure of the employer to supply statutory safeguards

were not assumed by the employee, though he had knowledge of such failure. *Narramore v. Cleveland, etc., Ry. Co.,* 96 Fed. 298, 37 C. C. A. 499, 48 L. R. A. 68. The decision in the Knisley case was a reversal of the judgment of the former General Term of the Supreme Court, where, in an opinion written by Judge Haight, now a judge of this court, it was said 'that the risks of the service which a servant assumes in entering the employment of a master are those only which occur after the due performance by the employer of those duties which the law enjoins upon him.' 75 Hun, 327, 26 N. Y. Supp. 1013. Having sat below, he did not participate in the decision of the Knisley case when it was before this court, and Judge Vann dissented from the decision. The doctrine of the Knisley case has, however, been largely qualified, if not virtually overruled, by the subsequent decision of this court in *Johnston v. Fargo,* 184 N. Y. 379, 77 N. E. 388, 7 L. R. A. (N. S.) 537, 6 Ann. Cas. 1, where we held that an agreement between the employee and employer, relieving the employer from liability for all personal injuries to the employee that might result from the negligence of the employer, was void as against public policy. If an express agreement could not relieve the master in the case cited, it does not seem clear how, by a merely implied contract, he can be relieved from the results of a direct violation of the statute."

In *San Bois Co. v. Janeway,* 22 Okla. 425, 99 Pac. 153, this court, in the first year of its existence, followed the line of authority in harmony with *Narramore v. Cleveland, etc., Ry. Co., supra,* and refused to follow the authorities in line with the announcement in *Knisley v. Pratt, supra.* To the same effect is *Ladow v. Oklahoma Gas & Elec. Co.,* 28 Okla. 15, 119 Pac. 250.

The trial court committed no error in permitting the employee to amend his petition. *Robison & Co. v. Stiner,* 26 Okla. 272, 109 Pac. 238; *Z J. Fort Pro. Co. v. Southwestern Grain & Pro. Co.,* 26 Okla. 13, 108 Pac. 386; *Herron v. M. Rumley Co.,* 29 Okla. 317, 116 Pac. 952; *Alcorn v. Dennis,* 25 Okla. 135, 105 Pac. 1012; *City of Shawnee v. Slankard,* 29 Okla. 133, 116 Pac. 803; *Derr Const. Co. et al. v. Gelruth,* 29 Okla. 538, 120 Pac. 253; *Farmers' & Mer-*

*chants' Nat. Bank v. Hoyl,* 29 Okla. 772, 120 Pac. 264; *Lake v. Winslow et al.,* 36 Okla. 679, 129 Pac. 863.

2. The company, by its counsel, offered to prove the results of the experiments, and also to perform experiments in the presence of the jury, under conditions similar to those under which plaintiff claimed to have been injured. On the objection of the counsel for the employee, this was excluded. The court may have reached this conclusion on the ground that he did not think it was practicable for the company to make the experiments under conditions exactly similar to those under which the employee was injured, and, further, that it would unnecessarily prolong the trial at the public expense to permit such experiments to be made in the presence of the jury. As a rule, such matters rest largely within the discretion of the trial court. *Campbell v. State,* 55 Ala. 80; *People v. Woon Tuck Wo,* 120 Cal. 294, 52 Pac. 833; *People v. Levine,* 85 Cal. 39, 22 Pac. 969; *State v. Smith,* 49 Conn. 376; *Heath v. State,* 93 Ga. 446, 21 S. E. 77; *Hatfield v. St. Paul & D. R. Co.,* 33 Minn. 130, 22 N. W. 176, 53 Am. Rep. 14; *Adams v. City of Thief River Falls,* 84 Minn. 30, 86 N. W. 767; *City of Ord v. Nash,* 50 Neb. 335, 69 N. W. 964; *Clark v. Brooklyn Heights R. R. Co.,* 78 App. Div. 478, 79 N. Y. Supp. 811; *Phillips v. Town of Willow,* 70 Wis. 6, 34 N. W. 731, 5 Am. St. Rep. 114; *Bloor v. Town of Delafield,* 69 Wis. 273, 34 N. W. 117; *West Pub. Co. v. Lawyers' Co-op. Pub. Co.,* 79 Fed. 756, 25 C. C. A. 648, 35 L. R. A. 400; *Ball v. United States,* 163 U. S. 662, 16 Sup. Ct. 1192, 41 L. Ed. 300.

There are numerous cases in which the trial court exercised its discretion to admit such evidence, and it was held not to be error. *Taylor v. United States,* 89 Fed. 954, 32 C. C. A. 449; *Spurlock v. Shreveport Traction Co.,* 118 La. 1, 42 South. 575; *Stockwell v. C. C. & D. R. Co.,* 43 Iowa, 470; *Brooke v. C., R. I. & P. Ry.,* 81 Iowa, 504, 47 N. W. 74; *Burg v. C., R. I. & P. Ry. Co.,* 90 Iowa, 106, 57 N. W. 680, 48 Am. St. Rep. 419; *Tackman v. Brotherhood of Am.*

*Yeomen,* 132 Iowa, 64, 106 N. W. 350, 8 L. R. A. (N. S.)
974; *Eidt v. Cutter,* 127 Mass. 522; *Lincoln v. Taunton Mfg.
Co.,* 9 Allen (Mass.) 181; *Sullivan v. Commonwealth,* 93
Pa. 284; *National Cash Register Co. v. Blumenthal,* 85 Mich.
464, 48 N. W. 622; *Wilson v. State* (Tex. Cr. App.) 36 S.
W. 587; *Leonard v. So. Pac. Co.,* 21 Ore. 555, 28 Pac. 887,
15 L. R. A. 221; *Hayes v. So. Pac. Co.,* 17 Utah, 99, 53
Pac. 1001; *Nosler v. C., B. & Q. Ry. Co.,* 73 Iowa, 268, 34
N. W. 850; and *Kramer v. Messner,* 101 Iowa, 88, 69 N. W.
1142. Such cases, however, do not hold, if the trial court, in
the exercise of its discretion, had not admitted such evidence,
that the appellate court on review would have held that such
constituted reversible error.

In *Smith v. State,* 2 Ohio St. 511, the state had been
permitted to introduce evidence as to the results of cer-
tain experiments. The defendant by way of reply offered to
prove the results of experiments made by other parties. This
the court refused to admit. Obviously the permission to one
side to introduce such evidence, and the denial of the right to
the other side to disprove the fact thus sought to be es-
tablished, would constitute error, and as to whether it would
be reversible would depend upon the facts of each case. At
all events such evidence should be introduced with great caution.
*Chicago, St. Louis & P. R. Co. v. Champion* (Ind.) 32 N. E.
874, 23 L. R. A. 861; *Kramer v. Messner, supra.*

3. The court instructed the jury as follows:

"You are instructed that the law of the state of Okla-
homa in force at the time of the injury to the plaintiff, re-
quired of defendant that it provide the ripsaw, which was
operated by the belt with which the plaintiff was injured, with
a loose pulley; and a failure on the part of defendant to com-
ply with such law would constitute negligence *per se,* on the
part of defendant, and would render it liable to respond in
damages to any employee who, in the performance of the
duties of his employment, and without contributory negligence
on his part, received any injury of which such negligence was
the proximate cause, and this is true no matter whether the
injury results from actual contact with such ripsaw, or with

the belt, or with the pulley, or with both the belt and pulley. It is sufficient that the injury is shown by a preponderance of the evidence, if you find it is so shown, to be the proximate and direct result of the failure of the defendant to provide such loose pulley."

Counsel for the company insists that said instruction is erroneous in that it (1) "left the jury free to indulge in a conjecture that Pribyl's injuries were the result of the failure to provide a loose pulley, as the proximate cause of such injuries," and that it is further erroneous (2) in that "it fails to state what is meant by proximate cause." Even if it be conceded that the court should have more specifically defined what constituted proximate cause, the company is not in a position in this court to be heard to complain, as it nowhere requested the giving of an instruction specifically defining proximate cause. *St. Louis & S. F. R. Co. v. Crowell*, 33 Okla. 773, 127 Pac. 1063.

Instruction No. 2, complained of by the company, is conceded by its counsel to be, as a general proposition, correct. No instruction supplemental thereto was requested, and under the authority of *St. Louis & S. F. R. Co. v. Crowell, supra,* the assignment of error is not well taken.

Instruction No. 3, given by the court, is as follows:

"If you find for the plaintiff, you will award him such damages as you may find from the evidence will reasonably compensate him for the injury sustained, taking into consideration his age and condition in life, bodily pain and mental anguish, if any, expenses, if any, necessarily incurred in the treatment of his injuries; loss of time and the value thereof to plaintiff, impairment, if any, of his ability to earn money in the future, and such other matters, if any, as you may find from the evidence have resulted or will result, from the injury as a direct, proximate and natural consequence therefrom, not to exceed in all $20,647.20, the amount claimed by plaintiff in his petition."

In instruction 13 the court further instructed the jury as follows:

"The court instructs you that no person can voluntarily place himself in a position which he knows to be dangerous, and then, after having received the injury, recover damages for the same, and if you find from the evidence in this case that the condition of the belt and stool were of that character that a reasonably prudent and careful man, in the exercise of ordinary diligence, would know of their dangerous character, and, notwithstanding such fact, the plaintiff voluntarily placed himself in a position where he received the injuries, that he cannot recover in this case. (If, however, you find from the evidence that plaintiff was engaged in the discharge of his duty to defendant, and in the line of his employment, and was in the exercise of reasonable care and diligence in the discharge of such duty, and was injured without fault on his part, and wholly as the direct and proximate result of defendant's negligence, then and in that event you should find for the plaintiff in such sum as you may believe, under the law and the evidence, as will reasonably compensate him for the injury so sustained.)"

When instruction No. 3 and that portion of instruction No. 13 inclosed in parentheses are considered together, in view of the facts disclosed by this record, no prejudicial error is shown against the company.

The court also instructed the jury as follows:

"If you find from the evidence that plaintiff was injured as the proximate result of attempting to get possession of a stool or stepladder to be used by plaintiff in oiling machinery, and that said stepladder at the time plaintiff attempted to use the same or to get possession of the same for the use, had resting upon and around it the coils of a belt, and that the location and position of said belt and stepladder or stool made it dangerous for one to pick it up or obtain possession of the stepladder, and that such danger was open to ordinary casual observation, then it was the duty of the plaintiff *to use care in proportion to such danger in attempting* (not to attempt to) to get said stool or ladder. *And if he* (and in getting it or attempting to get he) *failed to use such care, you may find that he was guilty* of contibutory negligence, and in (such) case *you do so find,* your verdict should be for the defendant."

The record recites: "Requested and offered by defendant. Modified and given as modified. Modification shown by erasures and pen and ink interlineations. Defendant excepts to modification, and to refusal to give as offered. (Words above in italics are the words and lines which were interlined with pen and ink on the original instruction.)" This instruction, when considered in connection with instruction No. 13, and the other instructions and facts as disclosed by the record, is without prejudicial error.

The first part of instruction No. 13 was more favorable than the company was entitled to, for if the company violated the law requiring the machinery · to "be provided with belt shifters, or other mechanical contrivances for the purpose of throwing on or off belts or pulleys whenever practicable," and machines "be provided with loose pulleys, and all vats, pans, planers, cogs, gearing, belting, shafting, set screws, and machinery of every description" to "be properly guarded," the employee did not assume the risk so as to prevent his recovery, by working under such employment with knowledge of the violation by the master of said statutory requirement. There is no contention that it was by the willful act of the employee with knowledge of the consequences of such act that he was injured.

Counsel for the company also insist that the court committed error in refusing to give instruction No. 15, which is as follows:

"You are instructed that if plaintiff went into the room when the injury occurred, for any reason or purpose than to prosecute the work for which he was employed, or if plaintiff was not engaged in the prosecution of his said work and employment when hurt, then your verdict must be for defendant."

In instruction No. 13, heretofore adverted to, which was given, the jury was instructed that if they found from the evidence "that plaintiff *was engaged in the discharge of his duty to the defendant, and in the line of his employment,*·

and was in the exercise of reasonable diligence and care in the discharge of such duty, and was injured without fault on his part, and wholly as the direct and proximate result of defendant's negligence, *then and in that event* you should find for the plaintiff." (Italics ours.) In instruction No. 1, which was also given, a recovery is conditioned upon the employee being injured whilst *"in the performance of the duties of his employment."* (Italics ours.) It is a settled rule of this court that, although an instruction correctly stating the law applicable to the case under issues as framed is requested, refused. and exceptions saved, the same will not constitute reversible error, if such instruction is fairly and reasonably covered by the instructions given. *Dewey Portland Cement Co. v. Blunt, ante,* 132 Pac. 659. Obviously instruction No. 15 was fairly and reasonably covered by the instructions given.

In view of the construction we have given sections 4029 and 4040, Comp. Laws 1909 (Rev. Laws 1910, secs. 3746 and 3756), and the facts disclosed by the record, no prejudicial error was committed by the trial court in refusing the other instructions complained of; said instructions seeking to raise the question of the injury being caused by the negligence of a fellow servant.

4. Counsel for the employee, over the objection of the company, was permitted to introduce in evidence certain subpoenas issued out of the trial court for certain witnesses, who were present in the basement room where the employee was hurt, but who did not appear and testify at the trial. Counsel for the employee stated that the only purpose of the introduction of the evidence was to show that the witness was not in reach of the court's process. Counsel for the company stated that the said evidence was not material, but that it would have the effect of suggesting to the jury that but for the employee's misfortune in failing to find some of his witnesses, he might have made out a stronger case. The burden was upon the employee to establish his case by a preponderance of the evidence.

Paragraph 2 of the syllabus in *Atchison, T. & S. F. Ry. Co. v. Davis & Young,* 26 Okla. 359, 109 Pac. 551, is as follows:

"When it is reasonably within the power of a party to offer evidence upon the facts and rebut the inferences which the circumstances tend to establish against him, and he fails to offer such proof to rebut same, the natural conclusion is that the proof, if produced, would support the inference against him, and the jury is justified in acting upon that conclusion."

In this case the company through its counsel was and is insisting that the physical facts were against the contention of the employee. The burden being upon the employee to make out his case to the reasonable satisfaction of the jury, it could have been well urged in argument before the jury that there were other witnesses present that were accessible to the employee, and that a judgment in damages should not, in reason, be returned against the company in favor of a party upon his testimony, under the status of the record, when it was within his power to bring other evidence. This evidence was competent, though its materiality may have been slight.

In the trial court a number of witnesses experienced in the handling of such machinery were called on the part of the company, all of whom testified that in their opinion the accident occasioning the injury to the employee could not have happened in the manner stated or testified to by him. The fact that the company thought it was necessary to call experts to give their opinion on the matter is indicative of the fact that the case presented by the employee is not such that by human experience and common observation, independent of evidence introduced on the part of the company, the jurors, who were not experienced in the handling of such machinery, should see in the very nature of things that the employee's evidence or statements were not true. It is true that, where evidence is conclusively contrary to physical facts, common observation, and human experience, it is not

entitled to any probative force whatever, and that an appellate court on review would reverse a case · that was supported solely by such evidence. *Waters-Pierce Oil Co. v. Knisel,* 79 Ark. 608, 96 S. W. 342.

It is contended by counsel for the company that the injury, as alleged, as a matter of law, could not have been the proximate result of its failure to provide the machinery "with belt shifters or other mechanical contrivances · for the purpose of throwing on or off belts on pulleys whenever practical," or "with loose pulleys." After a careful consideration we have reached the conclusion that, under the evidence as disclosed by the record, this was a question of fact for the jury's determination. There was some substantial evidence from which the jury could have reasonably found that such failure on the company's part was the proximate cause of the injury. Such being the case, the verdict is conclusive upon this court upon that question. *Dewey Portland Cement Co. v. Blunt, supra.*

This court has time and again held that where there was any substantial evidence reasonably tending to support the verdict of the jury, the same will not be disturbed here on review. Under the evidence and the issues as framed questions were presented for the jury's determination. There is' no contention on the part of the company that the verdict is excessive.

The judgment of the lower court is affirmed.

All the Justices concur.