## FRISCO LUMBER CO. v. ETHRIDGE.

No. 4279.    Opinion Filed February 9, 1915.

(146 Pac. 441.)

1.   MASTER AND SERVANT—Safeguarding "Machinery." "A trim-mer machine" situated in a saw mill, in which numerous opera-tives are employed, is embraced within the phrase "machinery of every description shall be properly guarded," as used in sec-tion 3746 of chapter 42, art. 4, Rev. Laws 1910, commonly known as Factory Act.

2.   MASTER AND SERVANT—Injury to Servant—Petition—Suf-ficiency of Evidence. Petition examined and held to state facts sufficient to constitute a cause of action for negligence, under section 3746, Rev. Laws 1910, supra. Held, further, that the evi-dence adduced at the trial reasonably tends to establish the allegations of the petition.

3.   TRIAL—Instructions. Instructions examined and held, on the whole, to substantially state the law applicable to the cause.

(Syllabus by the Court.)

*Error from District Court, McCurtain County;*

*A. H. Ferguson, Judge.*

Action by Sarah A. Ethridge against the Frisco Lumber Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*Cocke & Willis,* for plaintiff in error.

*Collins & Collins* and *Ledbetter, Stuart & Bell,* for defend-ant in error.

KANE, C. J.   This was an action by the defendant in error, Sarah A. Ethridge, plaintiff below, who will hereafter be called the plaintiff, against the Frisco Lumber Company, a corporation, plaintiff in error, defendant below, who will here-

after be called the defendant, to recover damages for the wrongful death of her husband, W. P. Ethridge. The deceased was working in a sawmill at the time he received the injury which resulted in his death, and his widow's right to recover damages is based upon a violation of section 3746 of chapter 42, art. 4, Rev. Laws 1910, commonly known as the Factory Act of this state.

To the fourth amended petition, upon which the case was tried, the defendant filed a demurrer, which was overruled, whereupon it filed its answer, consisting of a general denial of each and every allegation in said petition contained, and a special denial that it had been guilty of neglect or want of care in selecting or arranging its machinery, and that such risks and hazards as were incident to his employment were voluntarily assumed by the plaintiff. Upon trial to a jury there was verdict for plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Whilst the petition in error contains many assignments of error, a careful perusal of the brief filed by counsel for the defendant discloses that all the errors alleged with seriousness may be grouped as follows: (1) The court erred in overruling the demurrer of the plaintiff in error to the fourth amended petition of the defendant in error; (2) the court erred in overruling the demurrer of the plaintiff in error to the evidence of the defendant in error upon the close of the testimony in her behalf; (3) error of the court in giving to the jury portions of certain instructions; (4) error in refusing to give to the jury certain special instructions requested by the plaintiff in error.

From the petition we gather that the defendant was a domestic corporation engaged, at the time of the injury, in the sawmill business; that the deceased was employed by the defendant in the capacity of a laborer, whose duty it was to assist in the operation of a lath machine, which was located in the

sawmill building; that while the deceased was assisting in the operation of said lath machine, and while his back was turned to a "trimmer machine," which was located on the same floor about 30 feet from the lath machine, and while he was in the exercise of due care and caution on his part, a block of green pine timber, measuring 2x4x5 inches, was thrown from said trimmer machine a distance of some 20 feet with great force and violence and struck the deceased on the side of the head, inflicting a wound thereon, from which wound he died in about one hour thereafter. The specific acts of negligence set forth in the petition are in effect as follows: That the defendant company carelessly and negligently provided and used the "trimmer machine" in the immediate vicinity where said deceased was required to work, and that said defendant carelessly and negligently failed, neglected, and refused to provide a suitable screen or other obstruction between the said "trimmer machine" and said lath machine to protect the deceased from such blocks as might be thrown from said trimmer machine in his direction, and negligently permitted the saws on the said trimmer machine to become dull and unfit for use, etc. After a minute description of the sawmill and machinery therein situated and the location of certain drag chains, connected therewith, the petition continues:

"That if the said drag chains had been placed near enough to the said saws, and a sufficient number of the chains had been provided and maintained near enough to the said saws to carry off the said block after it had been sawed off, or if the saw had been sharp and in good condition, the said block would not have been thrown, as alleged herein, or if the said trimmer machine had been placed at a safe distance from and relative to the said lath machine, or if a proper screen had been provided and maintained between the said trimmer and the said lath machine, the said block would not have struck the said W. P. Ethridge, even though it had been thrown in the manner hereinbefore set out."

The principal criticism urged against the petition by counsel is that such allegations as "said defendant carelessly and negligently arranged said machinery in too close proximity to where the said W. P. Ethridge was required to work," and "that said defendant carelessly and negligently permitted the saws on said trimmer machine to become dull and unfit for use," etc., are conclusions of law, and not the allegation of facts constituting the plaintiff's cause of action, stated in clear and concise language and without repetition which the statute requires.

There are respectable authorities to the effect that in actions for negligence a general allegation of negligence does not charge a fact; but there is also very respectable authority which holds that a general allegation of negligence is sufficient, and that at common law it was not necessary, in a declaration of negligence, to set out the facts constituting the negligence. However, if we have not already taken sides on this question, it does not seem necessary, to a decision of the case before us, to do so. The petition herein, after a very minute description of the sawmill and the machinery therein, particularly the "lath machine" and the "trimmer machine," further alleges that the defendant neglected and refused to provide and maintain a suitable screen or other obstruction between the said trimmer machine and said lath machine to protect the said W. P. Ethridge from such blocks as might be thrown from said trimmer machine in his direction. This, we think states a cause of action for violation of the Factory Act (section 3746, Rev. Laws 1910) in clear and concise language. The evidence contained in the record before us, as well as the briefs and argument of counsel for both parties, clearly disclose the act of negligence wholly relied upon by plaintiff for recovery was failure on the part of the defendant to provide and maintain a suitable screen or other obstruction between the trimmer machine and the lath machine to protect the deceased, who was working at the lath machine. It therefore follows that the demurrer to the petition was properly overruled.

In support of their second contention counsel for defendant say in their brief:

"* * * We contend that it is not shown that the machinery used and provided by the defendant was dangerous or defective, was improperly constructed, condemned or discarded by the usages and customs of like enterprises or those engaged in like business; that it is not shown that it was necessary, usual, or customary to provide the protection, the lack of which is complained of, or that any human foresight, under the circumstances, would have anticipated the injury to deceased; that it is not shown to have been the duty of the defendant to have arranged its machinery in its plant differently, or that the trimmer is a machine of such dangerous character that one, in the exercise of ordinary care, would not have furnished employment to men within 30 feet of it; and that it does not appear that the saws of defendant became dull and unfit for use. There is no proof of any negligent act or omission of the defendant which was the natural and proximate cause of the injury."

Generally it may be said that the evidence showed this sawmill in the main to be an ordinarily well-equipped plant for the purpose for which it was used, but it is admitted that the trimmer machine was not screened, and therefore the question arises: Does the trimmer machine belong to that class of machines which the statute provides "shall be properly guarded?" We think this question should be answered in the affirmative. The act (section 3746) provides:

"The owner or person in charge of a factory or any institution where machinery is used shall provide belt shifters or other mechanical contrivances, for the purpose of throwing belts on or off pulleys, whenever practicable. All machines shall be provided with loose pulleys and all vats, pans, planers, cogs, gearing, belting, shafting, set screws, and machinery of every description shall be properly guarded. No person shall remove or make ineffective any safeguard around or attached to any machinery, vats, or pans, while the same are in use, unless for the purpose of immediately making repairs thereto, and all such safeguards so removed shall be promptly replaced. If a machine or any

part thereof is not properly guarded, the use thereof may be prohibited by the factory inspector or deputy factory inspector, and notice to that effect shall be attached thereto; such notice shall not be removed until the machine is made safe and the required safeguards are provided; and in the meantime such unsafe or dangerous machinery shall not be used."

The statute requires that "machinery of every description shall be properly guarded." Clearly the "trimmer machine" must be held to be embraced within this phase. *Green v. American Car & Foundry Co.*, 163 Ind. 135, 71 N. E. 268; *Inland Steel Co. v. Kachwinski*, 151 Fed. 219, 80 C. C. A. 571; *Jones v. American Caramel Co.*, 225 Pa. 644, 74 Atl. 613; *Goodwin v. Newcomb*, 1 Ont. L. Rep. 525.

Several witnesses, with extensive experience in and about sawmills in this and other jurisdictions, testified that they never knew of but one sawmill where the lath machine was operated immediately in front of the trimmer machine, and that in that instance a guarding wall had been erected between the trimmer and the lath machine. Other witnesses, employees in the mill of the defendant, testified that blocks often flew through the air from the trimmer machine towards the lath machine. And one witness, a Mr. Tucker, who operated the lath machine, and was working with or near the deceased at the time of the injury, described the relative location of the lath machine and the trimmer machine, and further testified that during the two years he had been operating the lath machine he was struck once with a block thrown from the trimmer; that this occurred two or three months prior to the injury of the deceased; that he told the foreman of the defendant the next day after it occurred, and added, "There ought to be something done with regard to the blocks coming over there; they don't feel very good." To which the foreman replied, in effect, that he did not have time to do anything.

In our judgment, this evidence was sufficient to take the case

to the jury. In the case of *Curtis & Gartside Co. v. Pribyl,* 38 Okla. 511, 134 Pac. 71, 49 L. R. A. (N. S.) 471, the Factory Act was construed. In that case, which in many respects was similar to the case at bar, the question of whether or not a violation of the Factory Act was the proximate cause of the injury was held to be for the jury. Indeed, all the questions thus far presented by counsel for the defendant were under discussion in the *Pribyl Case, supra,* decided contrary to its contentions.

On the assignments of error touching the giving and refusing to give instructions, it is sufficient to say that we have examined all the instructions given by the trial court, and are of the opinion that, as a whole, they are substantially correct. Upon the entire record, after a careful examination thereof, it does not appear that there was any misdirection of the jury, or improper admission or rejection of evidence, or error in any matter of pleading or procedure which probably resulted in a miscarriage of justice, or constitutes any substantial violation of a constitutional or statutory right of the defendant.

In such circumstances, "no judgment shall be set aside or new trial granted by any appellate court of this state." Section 6005, Rev. Laws 1910.

The judgment of the court below is therefore affirmed.

All the Justices concur.