## ROCK ISLAND COAL MINING CO. v. TOLEIKIS.

No. 8124—Opinion Filed Feb. 12, 1918.

(171 Pac. 17.)

(Syllabus.)

**1. Trial—Requested Instruction—Given Instruction.**

When an instruction is given which fairly contains the substance of an instruction refused, the refusal of such instruction does not constitute reversible error.

**2. Master and Servant—Trial—Action for Injury—Instructions.**

Instructions given examined, and held to correctly state the law applicable to the issues joined by the pleadings and the evidence in a fair and impartial manner. Held, further, that in these circumstances, it is not error to refuse to restate the law of the case in the more amplified form requested by one of the parties.

**3. Setting Aside Judgment—Grant of New Trial—Statute.**

Section 6005, Rev. Laws 1910, provides: "No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

**4. Appeal and Error—Trial Errors—New Trial.**

After an examination of the entire record, we are unable to say that it appears that the errors complained of have probably resulted in a miscarriage of justice, or constitute a substantial violation of any constitutional or statutory right.

Error from District Court, Pittsburg County; R. W. Higgins, Judge.

Action by Joe Toleikis against the Rock Island Coal Mining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. H. Moore, C. O. Blake, and Wright & Boyd, for plaintiff in error.

Arnote & Anderson, for defendant in error.

KANE, J. This was an action for damages for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Upon trial to a jury there was a verdict for the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

At the time of the injury the defendant was operating a coal mine, and the plaintiff was in its employ as a miner. The petition alleges in substance that at the time of his injury the plaintiff was working at the face of the thirteenth east air course of said mine, engaged in driving and advancing said air course, and in mining coal therefrom. The primary act of negligence complained of was that the defendant, in violation of the requirements of the statute, failed to keep a sufficient current of fresh air at plaintiff's

working place to dilute and render harmless the dangerous and explosive gases, or to remove said gases, and that in consequence of said violation of the statute the injuries complained of were caused by an explosion of accumulated gases in the working place of said plaintiff. The theory of the defendant is stated by counsel in their brief as follows:

"It was the theory of the defendant that the 'cracking shots' exploded the night before had so cracked and opened the coal that small pockets of gas had been disturbed and, as the result of the shot, or the operations of the plaintiff with his pick, this gas was allowed to 'bleed' into the cutting which plaintiff was making."

In other words, it is contended that the defendant furnished the plaintiff a safe place to work in accordance with the provisions of the statute, but the place became unsafe during the process of the work, because the plaintiff, while working as stated, uncovered the small quantities of gas which naturally accumulate during the progress of such work, and permitted the same to "bleed" into the working place without making the inspection for gas with a safety lamp that it was his duty to do, knowing such gas was likely to accumulate.

No question is raised as to the sufficiency of the evidence to support the judgment rendered, the assignments of error all being directed to alleged error of the court in refusing to give instructions Nos. 5, 7, 11, and 12, requested by the defendant, and error in giving instructions Nos. 3 and 5 by the court. The contention that the court erred in refusing to give instruction No. 5 requested by the defendant is without merit, for the reason that instruction No. 6 given by the court contains substantially every principle of law contained in instruction No. 5 refused. It is well settled that, when an instruction is given which fairly contains the substance of an instruction refused, the refusal of such instruction does not constitute reversible error. Ellet-Kendall Shoe Co. v. Ross, 28 Okla. 697, 115 Pac. 892; Eisminger v. Beman, 32 Okla. 818, 124 Pac. 289; Enid City Ry. Co. v. Reynolds, 34 Okla. 405, 126 Pac. 193.

Counsel's contention as to the refusal of the court to give instructions Nos. 2, 3, and 4 are discussed together. Each of these instructions, counsel say, sought to have submitted to the jury the question of assumption of risk, and were drawn to present to the jury defendant's theory of the case. We have elsewhere stated in this opinion defendant's theory of the case. Their contention now is that if the injury was proximately caused by a danger which plaintiff caused as an incident in the course of the very work which he at the time was doing, he assumed the risk, and the court erred in refusing to submit the defense to the jury.

In instruction No. 4½ the trial court presented the theory of both parties together as follows:

"Therefore the court instructs you that if you find from a preponderance of the evidence that the defendant failed to exercise ordinary care to furnish a sufficient current of fresh air to the face of the thirteenth east air course to dilute and render harmless any noxious and explosive gases that might be accumulated there, if there were any, and that this was the approximate cause of the plaintiff's injury, then your verdict should be for the plaintiff, unless you find the plaintiff guilty of contributory negligence as herein defined, or the gases, if any, were suddenly opened up by the plaintiff in his work that the ordinary and customary methods of inspection would not discover; but on the other hand, if the defendant did use ordinary care in furnishing a sufficient current of air to render harmless any gases, if any, therein accumulated, or if the plaintiff by his negligence contributed to the injury, or if the injury was caused by the sudden opening up of a gas feeder as herein stated, then the plaintiff should recover, and your verdict should be for the defendant."

The clear import of this instruction, in so far as it relates to the defendant's theory of its case, is that if the injury was caused by the sudden opening up of the gas feeders by plaintiff himself in the course of his work, thereby causing accumulations of gas which the ordinary and customary methods of inspection would not discover, then the plaintiff was not entitled to recover and a verdict should be returned for the defendant. This, as we understand it, is a fair statement of counsel's theory of their case, as stated by them in their brief; and we find it no more clearly or comprehensively stated in any of the instructions which were requested and refused. As the primary negligence complained of was the failure of the defendant to use ordinary care to keep a sufficient current of air at the face of the plaintiff's working place to dilute and render harmless the dangerous and explosive gases, a duty enjoined upon it by statute, the doctrine of assumption of risk was not applicable to plaintiff's theory of the case. Sans Bois Coal Co. v. Janeway, 22 Okla. 425, 99 Pac. 153; Great Western Coal & Coke Co. v. Coffman, 43 Okla. 404, 143 Pac. 30; Curtis & Gartside Co. v. Pribyl, 38 Okla. 511, 134 Pac. 71, 49 L. R. A. (N. S.) 471; Jones v. Oklahoma Planing Mill & Mfg. Co.,

47 Okla. 477, 147 Pac. 999; Harris-Irby Cotton Co. v. Duncan, 53 Okla. 565, 157 Pac. 746.

As the trial court in the instructions given presented the theories of both parties to the jury in a fair and impartial manner, there was no necessity for restating the same doctrine in the amplified form requested by counsel for defendant.

The remaining proposition argued by counsel for defendant in their brief relates to the action of the court in giving instructions Nos. 3 and 5. Of this assignment of error it is sufficient to say that we have examined the instructions given by the court as a whole, and believe that they are substantially correct, and that they presented to the jury in a fair and impartial way the contentions of the respective parties. This is all that is required. There is no complaint as to the sufficiency of the evidence to sustain the verdict of the jury; the sole reliance for reversal being based upon error of the court in relation to instructions given or instructions requested and refused. Section 6005, Rev. Laws 1910, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

On the whole, after an examination of the entire record, we are unable to say that it appears that the errors complained of have probably resulted in a miscarriage of justice, or constitute a substantial violation of any constitutional or statutory right.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.