**FENOGLIO, Adm'r, v. FOLSOM-MORRIS COAL MINING CO.**

No. 10062—Opinion Filed May 3, 1921.

(Syllabus.)

1. **Master and Servant—Action for Wrongful Death of Coal Miner—Assumption of Risks — Instructions — Statutory Safeguards.**

In an action for damages for the wrongful death of a coal miner alleged to have occurred as the direct and proximate result of the failure of the employer to furnish props, cap pieces, and of the mine foreman to abate all dangerous conditions reported to him and to inspect said mine as provided in sections 3984 and 3988 of Revised Laws of 1910, the defendant cannot take advantage of the defense of assumption of risk, and it is the duty of the trial court, where there is evidence which reasonably tends to support the plaintiff's theory that the employer has failed to perform his statutory duty in safeguarding a coal mine as required by the statute, to instruct the jury as to the duty of the employer as prescribed by the statute, and a failure to do so constitutes reversible error.

2. **Same—Contributory Negligence as Defense.**

In an action for damages by the administrator of the estate of a deceased person for wrongful death wherein it is alleged that the death of the deceased resulted from a violation of a statutory duty imposed upon an employer, the contributory negligence of the person injured may be urged as a defense thereto, unless the statute prescribing the duty of the employer expressly excludes such defense.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by John Fenoglio, administrator, against the Folsom-Morris Coal Mining Company, a corporation, for damages for the wrongful death of Antonio Fenoglio. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions to the trial court to grant a new trial.

J. R. Wood and E. N. Holland, for plaintiff in error.

KENNAMER, J. This action was filed in the district court of Coal county on April 24, 1917, by John Fenoglio, administrator of the estate of Antonio Fenoglio, deceased, against the Folsom-Morris Coal Mining Co., a corporation, to recover damages on account of the death of Antonio Fenoglio. The material allegations of the petition filed by the plaintiff in error, John Fenoglio, as the administrator of the estate of Antonio Fenoglio, plaintiff below, are that Antonio Fenoglio was, on the 14th day of March, 1917, employed by the Folsom-Morris Coal Mining Company in the capacity of a coal digger in mine No. 8; that while working at his employment in the last room of said mine, not numbered, off of the second south entry in mine No. 8, at which place he had been directed by the defendant to work, and while so engaged in said work and service of the defendant company, without negligence on his own part, the said Antonio Fenoglio was killed by a fall of coal from the roof at or near the point and just above where he was working; that his death was caused by the neglect and carelessness of the defendant; that the defendant's negligence consisted of its failure to furnish the necessary timbers for propping the overhanging coal in the roof in the room in which the deceased was working; failure to inspect the mine and supervise the work as required by law; and, in substance, pleaded a general violation of sections 3983, 3984-3988, 3989 of the Revised Laws of 1910.

The defendant filed answer, denying the allegations of the petition, pleading assumption of risk and contributory negligence. The cause was tried and the issues of fact sub-

mitted to a jury on the 3rd day of October, 1917, which resulted in a verdict in favor of the defendant. The plaintiff in due time filed a motion for a new trial, which was overruled by the court and judgment entered in favor of the defendant. The plaintiff brings the cause here for review, having assigned numerous grounds of error.

There is one question of law involved in this cause that is decisive of this appeal, and all the different assignments of error may be considered under the one proposition. The question presented is the correctness of the instructions of the court to the jury in which the court, in substance, instructed the jury that the right of the plaintiff to recover in the action was governed by the ordinary common-law liability. It appears upon a careful examination of the record that the court assumed that the deceased was killed by the falling of coal which was caused by his work in undermining it, and that he assumed the risk incident to his employment, and therefore, the employer would not be held liable.

The court in his instruction to the jury failed to specifically instruct the jury what the statutory duties of the employer were, but presented the case to the jury upon the theory that the common-law rule of master and servant applied. The plaintiff, by different instructions, requested the court, almost in the language of the statute, to instruct the jury upon the statutory duties of the defendant. The court, in failing to instruct the jury as to the duties of the defendant under the statute, committed reversible error.

In an action for damages, where the plaintiff relies upon acts of negligence which constitute a violation of a statutory duty which the plaintiff claims was the direct and proximate cause of the injury, the defendant cannot take advantage of the defense of assumption of risk. Jones v. Oklahoma Planing Mill & Mfg. Co., 47 Okla. 477, 147 Pac. 999; Whitehead Coal Mining Co. v. Schneider, 75 Okla. 175, 183 Pac. 49; Curtis & Gartside Co. v. Pribyl, 38 Okla. 511, 134 Pac. 71; Great Western Coal & Coke Co. v. Coffman, 43 Okla. 404, 143 Pac. 30.

The rule appears to be well settled in this jurisdiction that in case of failure of the employer to comply with his statutory duties, which resulted in injury to the employe, the defense of assumption of risk is not available. The defense of contributory negligence, however, is available. Jones v. Oklahoma Planing Mill & Mfg. Co., supra.

In the case at bar the defendant in error failed to file briefs as required by rule No. 7 of this court, and it is not incumbent upon the court to search the record to find some theory upon which to sustain the judgment if the errors assigned and presented by the plaintiff in error appear to be reasonably sustained. However, we have carefully gone over the record in this cause, and have reached the conclusion that the trial court committed reversible error in failing to instruct the jury upon what constituted the statutory duties of the defendant in operating its mine, and that the defendant would be liable if the jury found, from the evidence introduced, that the defendant had failed to perform its statutory duties and its failure was the proximate cause of the deceased's death.

The judgment is therefore reversed, and the cause remanded, with directions to the trial court to grant the plaintiff a new trial and proceed with said cause in harmony with the views herein expressed.

HARRISON, C. J., and PITCHFORD, KANE, and JOHNSON, JJ., concur.