## ST. LOUIS & S. F. R. CO. v. CROWELL.

No. 2090.   Opinion Filed November 12, 1912.

(127 Pac. 1063.)

1.   **WITNESSES—Competency—Knowledge—Value.** To lay a foundation for the admission of evidence as to the value of millinery goods, kept for sale in stores, it is sufficient to show that the witness' knowledge was that of a dealer in such goods and also by getting prices of such goods at the time she made the purchase of the lot in controversy. The weight of the opinion then given is for the jury.

2.   **TRIAL—Instructions—Request.** Where an instruction is correct as far as it goes, and it is urged by a party that under his theory of the case additional instructions should have been given, a reversal will not be had unless a supplemental instruction is requested by such contendant embodying such theory.

(Syllabus by the Court.)

*Error from Rogers County Court;*
*Archibald Bonds, Judge.*

Action by Jennie Crowell against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. F. Evans, R. A. Kleinschmidt,* and *J. I. Howard,* for plaintiff in error.

*J. W. Swarts,* for defendant in error.

WILLIAMS, J.   The defendant in error, as plaintiff, sued the plaintiff in error, as defendant, in the county court of Rogers county to recover damages in the sum of $251.85 for breach of duty in transporting over its line of railway a certain shipment of millinery goods consigned to plaintiff at Chelsea, Okla., on or about February 17, 1908, said consignment of goods reaching Chelsea about February 20, 1908; but, owing to the negligence of said defendant, same were not unloaded for delivery to plaintiff, but were carried through to some other point on its line. On March 5, 1908, the same were returned to Chelsea for delivery to plaintiff.   As to whether they were tendered for delivery to her, there is a conflict in the evidence.   On or about that date the agent rebilled the same over defendant's line to the consignor at Oklahoma City.   Subsequently the goods were again forwarded by said consignor from Oklahoma City to Chelsea for plaintiff, arriving there about March 19, 1908, when the same were delivered to the plaintiff about March 30, 1908.   After issues joined, the case was tried to a jury on October 5, 1909, and a verdict returned in favor of the plaintiff in the sum of $140.

1.   The evidence showed that the plaintiff was engaged in the millinery business, and upon the whole record we think she showed herself qualified to testify as to the value of the goods in question.   1 Wigmore on Evidence (1st Ed.) sec. 716.   In *Langdon v. Wintersteen,* 58 Neb. 280, 78 N. W. 502, it is said:

"Complaint is next made of the admission of the testimony of a Mrs. Hollenbeck as to the value of the goods in controversy.   The ground of the objection is that her competency was not shown.   It appeared that she had frequently priced and bought similar articles at retail, and in a general way knew their values.   This was sufficient.   The weight of her testimony was for the jury.   No very precise or extended knowledge of values of articles of common use is essential to justify the trial court in admitting opinion evidence of this character."

The property involved in that action was millinery goods. There the witness was not a milliner. In the case at bar the witness was engaged in the millinery business. She examined the goods in question and purchased the same. The witness testified as to the market value of the said goods before they were damaged. One of the reasons she gives for knowing their market value prior to the time of their damage was the price she paid for them. She bought them in open market. After they were damaged, they had no market value, and any one familiar with the nature and use of such goods was qualified to testify as to their value then. 1 Wigmore on Evidence (1st Ed.) secs. 714 and 716. As to the weight that should be given such evidence, that was a question for the jury.

The undisputed evidence in this record shows that the defendant was guilty of negligence in transporting the goods in question. As to whether the same were properly tendered to the plaintiff by the defendant on or about March 5th, that was a question under the evidence to be determined by the jury. If not duly tendered to her under the circumstances, it was proper to submit to the jury the depreciation of the value of the goods from on or about the 19th or 20th of February to the time they were delivered to the plaintiff in the latter part of March, 1908.

2. The giving of the following instruction is assigned as error:

"The court further instructs the jury that the market value of an article may be different at different times, places, and under different circumstances, and in this case you are to determine the difference in the market value of the goods when received by the defendant at Oklahoma City, and the time they were first delivered at Chelsea. If you find they were delivered prior to the actual delivery, but if you find that they were not delivered but the one time, and that was the date of the actual delivery, the defendant would be liable for damages for depreciation in value, if you find they were delayed."

Complaint is made that the court ignores the fact of defendant's (plaintiff in error) contention that the goods were at one time refused by the plaintiff and returned to Oklahoma City. Where an instruction is correct as far as it goes, but it is in-

sisted that, under the facts in the case, additional instructions should have been given on plaintiff in error's theory, a reversal will not be had unless a supplemental instruction is requested embodying such theory. *First National Bank of Muskogee v. Tevis et al.*, 29 Okla. 714, 119 Pac. 218; *Moore v. O'Dell*, 27 Okla. 194, 111 Pac. 308; *Chicago, Rock Island & Pacific Railway Co. v. Baroni*, 32 Okla. 540, 122 Pac. 926.

Under the undisputed evidence in this case, the plaintiff in error was guilty of negligence. If the goods were tendered by the defendant to plaintiff on March 5, 1908, as contended for by defendant, she would be entitled to the difference in the depreciation of the property from the time in which they should have been delivered up to that time, but, if not tendered, then she was entitled to the difference in the value of the property at the time it was delivered and that at the time it ought to have been delivered to her. Affirmed.

TURNER, C. J., and HAYES and KANE, JJ., concur; DUNN, J., absent, and not participating.