## ALTON MERCANTILE CO. v. OZARK CIDER & VINEGAR CO.

No. 11388—Opinion Filed July 17, 1923.

Rehearing Denied Nov. 6, 1923.

### Trial — Instructions — Erroneous Refusal of Requests.

Where the trial court had not fully stated the law applicable to the issues arising upon the pleadings and evidence in its charge to the jury, it is prejudicial error to refuse requested instructions which do correctly state the law applicable to such issue. Record examined, and held, that the court erred in refusing to give instructions requested by the defendant on its cross-petition.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by the Ozark Cider & Vinegar Company against the Alton Mercantile Company. Judgment for the plaintiff, and defendant brings error. Reversed and remanded, with instructions to grant a new trial.

Simons, McKnight & Simons, for plaintiff in error.

Pierce, McClelland & Kneeland, for defendant in error.

Opinion by JARMAN, C. This action was commenced in the district court of Garfield county by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, on a contract to recover for a carload of vinegar shipped to the defendant by the plaintiff.

The defendant admitted its indebtedness to the plaintiff for said car of vinegar, but filed a cross-petition alleging that the plaintiff was indebted to the defendant in a sum in excess of the amount due the plaintiff, as damages occasioned by the failure of the plaintiff to furnish to the defendant six cars of vinegar as provided for by their contract, and prayed for judgment against plaintiff accordingly. Judgment was rendered for the plaintiff for the amount sued for, and against the defendants on its cross-petition, from which judgment the defendant has appealed. There is no contest over the amount due the plaintiff, but the entire controversy is over the counterclaim set up in the cross-petition of the defendant.

The plaintiff was engaged in the business of manufacturing vinegar at Siloam Springs, Ark., and the defendant was engaged in the wholesale business at Enid, Okla. The plaintiff entered into a written contract with the defendant whereby it agreed to ship and furnish to the defendant 20 cars of vinegar for its use for the year 1917, specifications and shipping dates for said vinegar to be given and furnished by the defendant as it needed the vinegar during the year 1917. This vinegar was purchased by the defendant to supply its customers in the retail business in its trade territory. The contract between the parties also provided that the plaintiff would furnish a special salesman to work up a demand for this vinegar in the trade territory of the defendant. The defendant alleges that the plaintiff furnished only 14 cars of vinegar, and failed and neglected to furnish the defendant with the remaining six cars as provided by said contract; that a strong demand had been created for the vinegar and the defendant needed these six remaining cars to supply its customers, and was forced to go on the open market and buy vinegar at an increased price in order to take care of its customers, and which resulted in damages to the defendant in the sum sued for. The defendant further alleges that about the midde of the year 1917, there was a sharp advance in the price of vinegar and that the plaintiff sought to escape complying with the contract which required the furnishing of vinegar at a lower price, by attempting to mislead and deceive the defendant and to make it appear that the plaintiff was unable to supply the vinegar and to thereby discourage the defendant in sending orders containing specifications and shipping dates for shipment of vinegar; that when orders were placed, the plaintiff would delay shipment for a long period of time, and upon being urged by letters and

telegrams to fill the orders filed, the plaintiff would reply that it would ship when it could and indicate that it was doubtful when the orders could be filled and shipment made, and by this conduct, sought to delay, and did delay, the defendant in furnishing other orders for shipment until the end of the year of 1917, and as soon as the end of the year came, the plaintiff refused to ship the remaining six cars for the reason that the defendant had not filed orders for the same during the year 1917. The defendant alleges further that it has since learned that the plaintiff had ample stock on hand at all times to more than supply the defendant with vinegar as requested, and that the plaintiff was able at all times to promptly fill the orders by the defendant.

This is the theory of the defendant and there was evidence produced tending to support this theory.

The defendant assigns as error, that the court erred in refusing to give the following instructions covering its theory of the case, to wit:

"You are instructed that if you find from the evidence in this case that the plaintiff purposely sought to delay the defendant from ordering out the full number of cars of vinegar to which it was entitled under the contract between the parties during the year 1917, and for such purpose delayed in shipping promptly to the defendant the cars of vinegar which it did order out, and represented to the defendant that it was unable to make prompt delivery for various reasons, and intended thereby to cause the shipments of said cars to drag so that the full number would not be ordered out by the close of the year 1917, and that the plaintiff could have shipped a greater number of cars of vinegar to the defendant had it so desired, that then, and in that event, if the conduct of the plaintiff caused the defendant to fail to order out the full number of cars during 1917, when it otherwise would have done so, that then and in that event, the defendant would be entitled to require the plaintiff to continue the delivering of said cars of vinegar after 1917, until the full number of cars were delivered, and if the plaintiff failed or refused so to do when requested by the defendant, that then, and in that event, the plaintiff would become liable to the defendant in damages for the breach of its contract for the amount of loss suffered therefrom by the defendant under the rule laid down with regard to the measure of damages elsewhere in these instructions."

The plaintiff insists that, while this instruction requested by the defendant was not given by the court, the instructions that were given covered the theory of the de-

fendant, and that said instructions so given are sufficient. The instructions given by the court are to the effect that the defendant was not entitled to recover on its cross-petition unless the acts and conduct on the part of the plaintiff prevented the defendant from furnishing specifications and shipping dates for the remaining six cars of vinegar during the year 1917. It is not contended by the defendant that it could not, under any circumstances, have filed the specifications and shipping dates during the year of 1917, or that the conduct of the plaintiff actually prevented or kept the defendant from furnishing such specifications and shipping dates during the year 1917; but the defendant contends that it was misled and deceived by the misrepresentations of the plaintiff, and that the plaintiff purposely sought to delay and did delay the defendant in ordering out cars of vinegar and tolled the defendant along from time to time, until the end of the year, under the pretext of being unable to fill orders that were filed, so that the year 1917 might expire without orders having been filed for the full number of cars, and thus afford the plaintiff with an excuse for its failure to furnish the full number of cars by claiming that the defendant had not filed specifications and shipping dates for all of such cars during the year 1917. If such conditions did in fact exist, then the plaintiff could not excuse itself from failing to comply with its contract and ship the entire number of cars on the grounds that the defendant had not, during the year of 1917, furnished specifications and shipping dates for all of said cars. This is a question that should have been presented to the jury under proper instructions; and since the trial court failed to state, in its instructions to the jury, the law applicable to this issue, which arose under the pleadings and the evidence, it was prejudicial error to refuse this requested instruction of the defendant, which does correctly state the law applicable to such issue. Ingraham v. Byers, 50 Okla. 403, 156 Pac. 905; St. L. & S. F. R. Co. v. Crowell, 33 Okla. 773, 127 Pac. 1063; Sanders et al. v. Cline, 22 Okla. 154, 101 Pac. 267.

For the reason above assigned, it is the opinion of this court that the trial court erred in refusing to give said instruction requested by the defendant, and the judgment of the lower court is, therefore, reversed and remanded, with instructions to grant a new trial.

By the Court: It is so ordered.