PETTY et al. v. FRANK et al.

No. 31075. Nov. 23, 1943.

Rehearing Denied Sept. 12, 1944.

Application for Leave to File Second Petition for Rehearing Denied
Oct. 3, 1944.

*151 P. 2d 926.*

Busby, Harrell & Trice, of Ada, for plaintiffs in error.

Kerr, Lambert & Conn, of Ada, for defendants in error.

RILEY, J. This is an action commenced by defendants in error to recover an alleged balance due for work, labor, and material furnished by plaintiffs in drilling a well for oil and gas.

On July 20, 1940, plaintiffs and defendants entered into a written contract wherein it was agreed that plaintiffs should drill a well for oil and gas upon a tract of land designated by defendants upon which defendants owned an oil and gas lease. It was agreed that the well should be drilled to a depth of 2,600 feet, with a provision that if no oil or gas was found at 2,600 feet or a lesser depth, defendants should have the option to have the well drilled to an additional depth not to exceed 400 feet, defendants to furnish the necessary drill bits, pay the labor, and all other necessary expenses. The contract price for drilling to 2,600 feet was $3,000 and certain additional payments in oil or gas to be produced from the well, and the assignment of an oil and gas lease on another tract of land. The controversy here is over the cash payments. The well was drilled to a depth of 2,600 feet and no oil or gas was found. Thereafter the parties entered into an oral agreement that the well should be drilled 50 feet deeper, for which defendants were to pay $200. The additional drilling was done. The contract price for the drilling to 2,600 feet was paid.

The controversy arises over alleged work done and services performed not within the contract. Plaintiffs claim a balance due for such extra work, etc., of $1,585.14, and filed a labor and materialman's lien therefor. This action was then commenced to recover judgment and for foreclosure of the lien. The itemized lien statement sets forth seven items under which plaintiffs claim: (1) for running a "Slumburger test"; (2) for conditioning the well and running a "jeep test"; (3) circulating time requested by defendants from August 8th to August 29th, four hours; (4) special extra contract to drill 50 feet; (5) circulating and conditioning well to run casing and running casing; (6) preparing well for "shooting through casing," two towers (8 hours each); (7) furnishing 70 feet of line.

Defendants answered by general denial and plea of payment in full and by cross-petition claimed damages for wrongful and malicious filing of labor and materialman's lien. Reply was by general denial.

The issues thus formed were tried to a jury, resulting in a verdict and judgment for plaintiffs in the sum of $1,000, and defendants appeal, contending that competent and material evidence was excluded to the prejudice of defendants.

The contract provided that defendants should have three "cores," and could have additional cores taken by furnishing necessary coreheads and "other expenses" therefor. By the contract, defendants were given the option for drill stem tests when desired, upon payment of the "necessary expenses therefor." They assuming responsibility and control of operation therefor.

Defendant Dennis Petty testified in substance that after the contract had been prepared and before its execution he and plaintiff Frank discussed the meaning of the words "expenses" and "necessary expenses" as used in the contract, and it was there agreed and understood that the terms as used meant payment only for the necessary labor. Defendants produced as a witness the attorney who drew the contract. By him they sought to prove that he was present and heard the plaintiff Frank and defendant Petty discuss the meaning of the terms "necessary expenses" and "expenses therefor," as used in the contract in connection with the taking of cores and drill stem tests. This testimony was objected to upon the ground that it was immaterial and that the witness was incompetent to testify in this regard. The objection was sustained.

Thereupon the defendants made the following proffer:

"To which ruling of the court the defendants except and expect the answer to be if the witness were permitted to answer, that the notations were made at the request of the plaintiff, Frank; that there was a full and complete discussion between the parties as to what was meant by 'other expenses' and if permitted to answer the defendants assert that the answer would be that by 'other expenses' was meant the expenses for labor used in obtaining further cores and only the actual cash expenditures

of the plaintiff was to be paid out by the defendant, Petty."

It is contended that the omission was error. The difficulty with defendants' position on this question is that there was no claim made and no evidence offered by plaintiffs concerning the taking of extra cores. The evidence was that the three cores provided in the contract were furnished and there is no evidence that other cores were requested or furnished. The same is true as to the drill stem tests. There is no evidence that any drill stem tests were requested or furnished and there is no claim for payment therefor. The offer of proof, limited as it was to the taking of cores and drill stem tests, was not material. It is unnecessary to discuss the competency of the witness.

The second proposition is that the jury was not properly instructed.

The principal issue at the trial was whether plaintiffs were entitled to recover for the use of their drilling machinery and equipment for the time consumed in performing the extra work. Defendants admitted that they were liable for the actual cost of labor in making the Slumburger test and the jeep test and running the casing. The contract makes no mention whatever of the "shooting of the well." This was done some time after the well was drilled to a depth of 2,650 feet and the casing run in the well. Plaintiffs make no claim for the actual shooting of the well, since this was done by other parties. Plaintiffs' claim is for preparing the well for the shooting and their claim sets forth specifically what was done in this connection. Defendants assert that for all this they were liable only for actual labor employed, and that they have paid for all such labor, and that they have paid the full contract price for drilling the well, in all $3.341.45. Plaintiffs admit having received $3,310.50.

The instruction complained of is:

"You are instructed that if you find from a preponderance of the evidence

that the defendants, Dennis H. Petty, J. D. Petty and C. N. Russell, entered into a written contract on or about the 25th day of July, 1940, with the plaintiffs for drilling an oil and gas well to a depth of 2,600 feet and that said well was drilled as contracted and at the request of the defendants the plaintiffs drilled an additional fifty feet and made certain tests required by the defendants and that said additional work was done by the plaintiffs and at the request of the defendants then your verdict should be for the plaintiffs for whatever you believe they are entitled to under the evidence not to exceed the sum of $1,585.14, the amount asked for in their petition, and that their lien should be foreclosed. If you do not so find and believe, then your verdict should be for the defendants."

This appears to be the only instruction under which a verdict could have been returned. Defendants contend that the instruction wholly failed to present the theory of defendants and was fundamentally erroneous.

The instructions given wholly failed to submit to the jury the tenable theories of the parties concerning the issues in the case. The jury should have been permitted to say whether plaintiffs had agreed with defendants that in the performance of the extra work defendants would be required to pay only for the labor actually employed therein. Defendants requested no instruction in this regard, but the rule in this jurisdiction is that it is the duty of the trial court, upon its own motion, to instruct upon the decisive features of the case, and failure so to do constitutes fundamental error. Liberty National Bank of Weatherford v. Semkoff, 184 Okla. 18, 84 P. 2d 438; McIntire v. Burns, 172 Okla. 152, 42 P. 2d 143.

In Baumgart v. Bryant et al., 184 Okla. 531, 88 P. 2d 635, it is said:

"The rule concerning necessity of requests for instructions does not apply to instructions as to the law applicable to the issues raised by the pleadings and the evidence. Such has always been the rule in this state."

In Lacy v. Wozencraft, 188 Okla. 19, 105 P. 2d 781, it is held:

"In causes which require a jury trial, it is the duty of the trial court on its own motion to submit to the jury upon proper instructions the tenable theories of the litigants concerning the issues in the action, and a failure to discharge this duty is ground for a new trial even though no instruction is requested by the parties."

Plaintiffs contend that the question was not properly raised in the motion for new trial and was not presented in the petition in error. The instruction was properly excepted to at the time as "not a proper statement of the issues, the theories of the parties, nor the law applicable thereto."

The tenth ground in the motion for new trial is error of the court in giving instructions Nos. 6, 7, and 8, and in giving the instructions as a whole. The instruction here complained of is instruction No. 6.

The tenth assignment of the petition in error is that the court erred in giving instruction No. 6, which is then set out in full.

The error was properly called to the attention of the trial court at the time it was committed, and in the motion for new trial. The petition in error is sufficient.

Reversed and remanded.

CORN, C. J., GIBSON, V. C. J., and OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur; BAYLESS, J., absent.