L. E. ACKER, doing business as L. E.
Acker Co., Plaintiff in Error,

v.

Henry HOPFELD, a sole trader, doing busi-
ness as Hopfeld Industrial Manufac-
turing Co., Defendant in Error.

No. 41135.

Supreme Court of Oklahoma.

June 21, 1966.

Leslie L. Conner, James M. Little, of Conner, Little & Conner, Oklahoma City, for plaintiff in error.

George M. Ablah, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

This action arose out of a transaction in which plaintiff in error, an Oklahoma City distributor of construction specialties, hereinafter referred to as defendant, in November, 1962, sold Douglas Aircraft Company (hereinafter referred to merely as "Douglas") of Tulsa, a total of 78 Himco mechanics stepladders manufactured from fiber glass and redwood, in California, by defendant in error, herein referred to as plaintiff.

After a sample of this type of ladder, and a Himco catalogue describing it, had been exhibited at Douglas' Tulsa plant, defendant ordered them from plaintiff, who shipped different numbers of the ladders from his California factory to the Douglas plant on three different occasions, the last, or third, shipment being received at Tulsa in January, 1963. Plaintiff mailed the invoices to defendant in Oklahoma City. Defendant then collected the ladders' total purchase price of $3018.40 from Douglas, and on December 18, 1962, paid plaintiff the sum of $1212.47, which was the amount of the first shipment's invoice.

On January 18, 1963, Douglas' facilities coordinator telephoned defendant and advised him the ladders were defective. Negotiations between defendant and Douglas, over a period of months, culminated in the rejection of all of the ladders as dangerous and unfit for its use. Defendant then refunded to Douglas the entire sum it had paid him for the ladders, and Douglas relinquished the ladders to him. Defendant then commenced unsuccessful negotiations with plaintiff to obtain reimbursement.

When plaintiff thereafter sought, by the present action he commenced in October, 1963, to recover from defendant the purchase price of the second and third shipments of ladders, in the sum of $1663.68, with interest from March 1, 1963, defendant's answer was a denial of the alleged debt on the ground of the ladders' defectiveness, citing their rejection by Douglas. In a cross petition filed with his answer, defendant sought recovery from plaintiff of the total sum of $2195.00, which consisted of the $1212.47 he had paid plaintiff for the first shipment of ladders, and an additional sum for his alleged expenses in dealing with Douglas.

At the trial, it was established that the reason for Douglas' rejection of the ladders was that it found, after beginning to use some of them, that the rungs or treads, were loose, and, when an employee would step on them they would turn, causing the employee's feet to slip. Defendant testified he learned that this condition had caused one of those employees to be injured in a fall on one of the ladders, and this resulted in their being declared dangerous by Douglas. The cause of the treads turning was not definitely established, but it was shown that they were not set into the ladders' side rails in the manner of wooden ladders, but were affixed to those rails by the use of a compound called "epoxy", which becomes soft when subjected to temperatures as high as 180 or 200 degrees Fahrenheit.

Plaintiff introduced into evidence, as his Exhibit No. 6, the hereinbefore mentioned HIMCO catalogue describing the type of ladders involved, and he strongly relied on the undisputed fact that none of the ladders had been returned to him as appears to be a prerequisite to the effectiveness of the "GUARANTEE" printed thereon. The wording of said GUARANTEE is as follows:

"Every HIMCO fiber glass ladder is guaranteed to be free from defects in material or workmanship; *and should such defects occur, the ladder will be replaced or repaired by the HIMCO factory at no cost.*" (Emphasis added.)

Defendant's evidence tended to show that during the course of his attempts, by correspondence with plaintiff, to obtain a settlement of the controversy, before suit was filed, he offered to pay the expense of shipping one of the assertedly defective ladders from Oklahoma, back to plaintiff's California factory for inspection; but, he also testified to the effect that the repair, or replacement of the defective ladders with others of the same type, would have served no useful purpose, as his customer, Douglas, had already determined that such ladders were not suitable, or fit, for its use, and would not have used them, even if repaired or replaced.

The second instruction defendant requested the trial judge to give, before submitting the cause to the jury, would have told them that the subject ladders were "required to be manufactured with such material and workmanship that they could be used safely for the purpose of workmen or others climbing up and down thereon without the rungs turning or coming loose. * * *." The court refused, over defendant's objections, to give this requested instruction, and instead, gave its instruction "No. 5", which reads as follows:

"You are instructed that if you find and believe from a preponderance of the evidence in this case, under the instructions, that plaintiff has complied with the terms of the guarantee of the merchandise sold to the defendant, as alleged and contended by the plaintiff, then your verdict should be for the plaintiff for the sum sued for, to-wit: $1663.68, together with interest at the rate of 6% per annum from March 1, 1963, until paid, and for a reasonable attorney fee to be fixed by the Court.

"On the other hand, if you do not so find, then your verdict shall be for the defendant that plaintiff take nothing by reason of his petition herein."

After its deliberations, the jury, under the above and other instructions, rendered a verdict for plaintiff in the amount he sued for; and judgment was entered accordingly. After the overruling of his motion for a new trial, defendant perfected the present appeal.

One of the grounds of the appeal, asserted under "PROPOSITION THREE" of defendant's brief, is that the giving of the above quoted instruction was error. Defendant says plaintiff did not sue on his guarantee, and further says:

"This guarantee adds nothing to the implied warranty our courts have held accompanies each sale of machinery which is sold being fit for the use for which it was manufactured. But there is no rule of law that confines the buyer to exhaust any remedy under a seller's guarantee before the buyer can reject such sale under the implied warranty."

Plaintiff's only answer to defendant's argument is as follows:

"The Trial Court gave proper and adequate instructions to the jury as to the evidence in this case. Instruction No. 5 to the jury was very proper and necessary and completes the entire instructions when taken as a whole with the Court's other instructions. The instructions must be considered in their entirety."

■ Plaintiff took the position at the trial, and contends in that part of his brief designated "Answer To Proposition Two" that Douglas' right to reject the ladders as unfit, has no materiality or relevancy in

this action between plaintiff and defendant. In this he is mistaken. Assuming (as plaintiff apparently tacitly concedes, but we find it unnecessary to determine) that a manufacturer's implied warranty of suitability and fitness accompanied the ladders as they went to Douglas, the breach of same, if any, was also a proper defense to defendant, who sold them to Douglas. See Miller Rubber Co. v. Blewster-Stevens Service Station, 171 Ark. 1179, 287 S.W. 577, 59 A.L.R. 1237, wherein the court, after referring to the general rule (applicable both under the common law and various statutes adopting The Uniform Sales Act) that where there is no language in the guarantee, or agreement to repair, from which refusal to warrant the article's suitability and fitness may be inferred, such a warranty is implied (see cases digested at 12A, Okla.Dig., Sales, under ▬▬ the Court held that the fact that the manufacturer's express obligation was only to users of the articles involved, was no obstacle to the dealer's protection by the implied warranty. The principle is stated by the author of the annotation following the cited case (p. 1239) thusly:

"The fact that an article is sold by the manufacturer with an express warranty to the ultimate purchaser does not ordinarily preclude an intermediate retail dealer from asserting an implied warranty of merchantibility, which includes fitness for the purpose which the article was designed to serve."

See also the cases cited and discussed in other annotations at 22 A.L.R. 133, 64 A.L.R. 883, 884ff, and 164 A.L.R. 1321, 1339ff. From the foregoing, we have concluded that assuming (as apparently was done at the trial) without deciding, that the implied warranty of suitability and fitness applied to the subject ladder sale, it applied, as between plaintiff and defendant, in a like manner and extent, as if the action had been between plaintiff and Douglas.

▬▬ In view of the foregoing, and pursuant to plaintiff's reliance upon con-sideration of all the trial court's instructions, to demonstrate their freedom, as a whole, from error, we have carefully examined them and found that the only one that referred to the present issue was the court's Instruction No. 6. It reads as follows:

"Should you find and believe from a preponderance of the evidence in this case, under the instructions, that the merchandise purchased by the defendant from the plaintiff was defective in material and workmanship, rendering said merchandise worthless for the purpose for which it was manufactured, as alleged and contended by the defendant, *and that* the plaintiff has not complied with the terms of the guarantee of the merchandise, then your verdict should be for the defendant on his cross-petition for such sum as you find the defendant is entitled to recover, not to exceed in any event the sum sued for, to-wit: $1995.08, for a reasonable attorney fee to be fixed by the Court, and for the return of the merchandise to the plaintiff.

"On the other hand, if you do not so find, then your verdict shall be for the plaintiff that defendant take nothing by reason of his cross-petition herein." (Emphasis added.)

Directing the jury to return its verdict for plaintiff unless it found that the ladders were "worthless" (or unsuitable) for the purpose for which they were manufactured and unless it also found that plaintiff had not complied with the terms of its guarantee placed an unwarranted burden of proof upon defendant. If the implied warranty of suitability and fitness applied to the ladders' sale, defendant was entitled to recover upon proof of a cause of action for its breach, without regard to whether plaintiff had complied with the terms of the written guarantee printed on his HIMCO catalogue. The trial court's Instruction No. 6 was composed as incorrectly, and had the same type of fault, as the instruction complained of in Gee et al. v. Cowherd, 197

Ky. 460, 247 S.W. 364, about which the court said:

"It will be observed that this instruction submits two issues to the jury, one as to the breach of warranty, the other as to deceit, and that both are connected by the copulative conjunction 'and.'

\*    \*    \*    \*    \*    \*

" \* \* \* if it was proper to give an instruction on the issue of deceit in the sale of the cattle, it should have been done in a separate instruction, or, if connected with the breach of warranty instruction, the two should have been connected by the disjunctive conjunction 'or,' and each set out with sufficient clearness to constitute an independent instruction. As given it was clearly erroneous."

As in the quoted case, the trial judge here connected his requirement that the jury find a breach of the implied warranty, with the requirement that it also find that plaintiff had breached the terms of his written guarantee " \* \* \* by the copulative conjunction 'and' ". This was error, and we so hold. Instruction No. 6 plainly refutes plaintiff's contention that any error in Instruction No. 5, was cured by other instructions the trial court gave.

██ We are not unaware that the record shows no specific objection, or exception, by defendant to the court's giving of Instruction No. 6; but, assuming as we have throughout consideration of this case, that breach of the implied warranty of suitability and fitness was an issue therein, it was a fundamental one, on which defendant's cause of action against plaintiff, if any, depended. Therefore, without regard to the correctness of defendant's requested Instruction No. 2, hereinbefore referred to, it was· the trial court's duty to properly instruct the jury on that issue. See Riser v. Herr, 187 Okl. 211, 102 P.2d 178, and Oklahoma Transportation Co. v. Green, Okl., 344 P.2d 660. On account of this error, the trial court should have sustained defendant's motion for a new trial. See Petty v. Frank, 194 Okl. 382, 151 P.2d 926.

Its order, and/or judgment, overruling said motion is therefore reversed, and this cause is remanded to said court with directions to grant a new trial.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY and HODGES, JJ., concur.

LAVENDER, J., dissents.