Bernard **VILLEGAS**, Appellant,

v.

**K. H. BAGWELL**, Appellee.

No. 46655.

Court of Appeals of Oklahoma,
Division No. 2.

July 23, 1974.

Rehearing Denied Oct. 10, 1974.

Certiorari Denied Dec. 24, 1974.

Released for Publication by Order of Court
of Appeals Dec. 26, 1974.

Mike Millstead, Althoff, Ernest & Millstead, Norman, for appellant.

Benedum & Benedum, Norman, and John T. Edwards, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, for appellee.

BACON, Judge.

Appellant, who resided in El Paso, Texas, and conducted a business in Juarez, Mexico, brought suit on a promissory note against appellee who resided in Norman, Oklahoma. The promissory note was dated March 1, 1972, for $5,000 due September 1, 1972, and executed in appellee's office in Norman, Oklahoma. When the note was executed, appellee gave it to one Melvin Fisher who immediately flew to Juarez with appellant, where appellant gave Fisher $5,000 cash in exchange for the note. There is some conflict as to whether Fisher or appellee benefitted from the $5,000. The record is replete with uncertainties and unclear facts. Fisher's deposition was taken in the United States Penitentiary at Leavenworth, Kansas, where he is an inmate. Fisher testified he had a "deal" in New Orleans where the money went, but took the "Fifth Amendment" on what the "deal" was or to whom he gave the money. There is some conflict in the testimony as to whether the $5,000 was to make appellant $15,000 to $25,000 which Fisher says he guaranteed. Payment on the note was never received and appellant filed suit against appellee. Appellee's answer admitted he signed the note and alleged "that there was wholly lacking any consideration for this Defendant [appellee] executing the said Note and that this Defendant never received any funds as alleged in Plaintiff's [appellant's] Peti-

tion." Appellee further answered alleging he only signed the note "as an accommodation to Plaintiff [appellant]." The case was tried to a jury which resulted in a verdict for appellee. Appellant now appeals and bases this appeal on instructional errors.

 The trial court's instructions (which were prepared by another judge not trying the case) in their totality read as follows:

### "INSTRUCTIONS

#### "No. 1

MEMBERS OF THE JURY, plaintiff brought this action against defendant on a promissory note signed by him and delivered to plaintiff in El Paso, Texas, on March 2, 1972, by Melvin Fisher, for which plaintiff gave Melvin Fisher $5,000.00. *Defendant admitted signing the note, but denies that it was for any money*; he states the note was signed by him at the request of and merely to accommodate plaintiff. This makes up the disputed questions of this lawsuit.

#### "No. 2

The burden is upon the plaintiff to prove his claim by a preponderance of the evidence. You must decide from the evidence presented in this trial, under these Instructions, if plaintiff has proved his claims by a preponderance of the evidence. Use the "common" sense of each juror to make such determination, for you are the only judges of the believability of the witnesses, and the weight and credit to be given their testimony.

#### "No. 3

If upon consideration of the evidence admitted in the trial, under these Instructions, you believe it more likely true than not true that:

(1) Melvin Fisher was the agent and representative of defendant, and

(2) Defendant signed the note in exchange for the $5,000.00 given Melvin Fisher,

then your judgment must be in favor of plaintiff and against defendant, and you should so state by your verdict.

On the other hand, if you believe it more likely true than not true that defendant signed the note merely at the request and for the benefit of plaintiff, and received no benefit to himself for having so signed it, then your judgment must be in favor of the defendant and against the plaintiff, and you should so state by your verdict.

#### "No. 4

In the jury room after closing arguments, first choose one of your members as Foreman to preside over your deliberations and to sign the verdict if it is unanimous, then begin deciding this case. You must not use any method of chance in arriving at a verdict. If you do not all agree on a verdict but nine or more do agree, those agreeing may return a verdict by each juror so agreeing signing it. Notify the bailiff when you decide the case so that you may be returned into the Courtroom. You will now hear the argument of the attorneys.

"Read to the jury this 14th day of May, 1973.

s/ Alan J. Couch<br>Judge"<br>(emphasis ours)

Appellant's propositions urged the trial court erred in not instructing on consideration and the burden of proof related thereto. We agree with appellant.

Title 12A O.S.1971 § 3–307(2) reads as follows:

"When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

Section 307(2) clearly places the burden upon appellee in the present case to establish his defense since he admitted signing the note. Yet, though the defense is the only issue for the jury to determine, the

instructions given the jury place no burden on appellee, but to the contrary, place the burden upon appellant to *disprove* appellee's defense by leaving the impression appellant's claim consists of such disproof.

The parties spend considerable time arguing and the trial court partially instructs on whether Fisher was appellee's agent or representative. Whether Fisher was an agent of appellee is quite immaterial. Assuming, arguendo, that Fisher was not appellee's agent, appellee could still be held liable on the note he signed, once he admits signing it, subject only to his pleaded defense of failure of consideration. It is fundamental law that consideration is presumed where there is a written instrument, such as here. Also there are various forms of consideration that will support an agreement to make it binding, and it is not necessary that the maker of a note receive only *money* as the court instructed in Instruction No. 1. But he can receive anything of value to constitute valid consideration; or some third party can receive the value (whether that person is the maker's agent or not) which is often referred to as third party beneficiary consideration. The issue to be decided in the present case, once appellee admitted the signature (as the court apparently recognized because he so said in Instruction No. 1) was whether there was any consideration (not just money) to support the note. If so, appellee would be liable. However, the jury could not properly decide this issue because the trial court did not in any way attempt to define consideration. 15 O.S.1971 § 106; Farris v. McCourry, Okl., 347 P.2d 797 (1959); First Nat'l Bank v. Boxley, 129 Okl. 159, 264 P. 184 (1927). The issue of consideration was a fundamental one upon which the court has a duty to instruct and failure to do so is reversible error. Bay Petroleum Corp. v. May, Okl., 264 P.2d 734 (1953); Petty v. Frank, 194 Okl. 382, 151 P.2d 926 (1943).

We find the instructions in the present case did not properly identify the issue tried; did not properly inform that defendant had the burden of proving the affirmative of it; and did not define consideration. Such inadequacies going as they do to the core of the lawsuit we hold they were fundamentally and reversibly defective.

The case is reversed and remanded to the trial court for a new trial consistent with the views expressed herein.

BRIGHTMIRE, P. J., and NEPTUNE, J., concur.